CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
This was a suit in equity by J. H. Berry’s executor to enforce a lien upon land for the last payment. The note evidencing the payment had improperly fallen into the hands of Charles Berry, a freed man of cplor, once the slave of testator, and who resides in Ohio; he and one Partington, as his agent, claiming it, and insisting on payment. Mr. Berry acknowledged the debt with a set-off of some two hundred dollars, but set forth the custody and claim of Charles Berry and his agent Partington, also of Ohio, made his answer a cross-petition, sued out process, etc., and a copy of the pleadings with the writ was executed on these parties in Ohio, as allowed by section 86, Civil Code, and which is declared in the next section to be actual service; but section 450 prohibits any personal judgment on such service.
The court properly adjudged a lien for the ascertained amount of said debt, but the defendant complains — we think justly — that appellee was not compelled to execute to him an indemnifying bond before he was coercively compelled to pay the money.
If the note had been alleged to be lost, in equity an indemnifying bond against its after assertion might properly have been demanded, and with greater force should this be where it appears that the note is not lost, but in the hands of an adverse claimant. The bond executed in the case to the non-resident parties is no security to appellant.
*596 Wherefore, for this single error, the judgment is reversed, with directions for further proceedings as herein indicated.