JUDGE LIHDSAY
delivered the opmrorr oe the court.
It is not pretended that W. H. Middleton was before the court in the actions in which the judgment for the sale of his slaves was rendered, except by constructive service. It is admitted that he was a non-resident of Kentucky, and had no *507 actual knowledge of the institution of said actions. The order warning him to appear and defend was made on the 6th day of May, 1862, and it required him to answer the plaintiff’s petition on the 1st day of the next May term of the Larue Circuit Court, which began on the 24th of that month, eighteen days after said order was made. The 88th section of the Civil Code provides that “ where it appears by the affidavit of the plaintiff, filed in the clerk’s office at or after the commencement of the action, that the defendant is ... a non-resident of this state, . . . the clerk shall make upon the petition an order warning such defendant to appear in the action on the first day of the next term of the court which does not commence within sixty days of the time of making the order.”
In all- proceedings upon constructive service the provisions of the Code regulating the same must be literally followed. Nothing short of a substantial compliance with every prerequisite will give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff’s claim. Orders of warning have taken the place of orders of publication under the old practice; and as the courts could not dispense with any prerequisite of the law in making publication, neither can they do so in making orders of warning. The record must show upon its face that the provisions of the Code have been substantially complied with, or the judgment must be treated as void and inoperative. (Green’s heirs v. Breckinridge’s heirs, 4 Mon. 546; Blight’s heirs v. Banks, 6 Mon. 205.) In this case the clerk made an order warning the defendant to appear and answer at a term of the court commencing eighteen days after the date of the order. The law gave that officer no authority to make any such order. The term at which the defendant was required to answer commenced within sixty days of the time of making the order. It must therefore follow that the action of the clerk was not only irregular, but absolutely void. The fact that the judgment under which the *508 slaves were sold was not rendered until a term of the court subsequent to that at which the defendant was warned to appear did not have the effect of imparting vitality to a proceeding originally void. The entire proceeding was ex parte, and no action upon the part of the court nor the plaintiffs could have the effect of depriving the non-resident defendant of taking advantage at any time of their failure in the beginning to take the necessary steps to give the court jurisdiction.
The court having no jurisdiction, the judgment and the sale of the slaves made in pursuance to the same were of necessity void. The purchasers at said sale took nothing under their purchase. The bonds enjoined in this proceeding were founded upon no consideration, and in equity and good conscience ought not to be collected from the purchasers. Although Middleton, in view of the fact that his slaves have been freed by the amendment to the Federal constitution, expresses himself satisfied with the judgment of the court and the subsequent sale made thereunder, and proposes now to ratify and confirm said judgment and sale, he wholly fails to allege or prove that the appellants have been guilty of any act of bad faith in the transaction which would authorize a court to compel them to pay for property to which they acquired no title whatever, and not even possession.
We are of opinion that the court below erred in dismissing the petition of the appellants.
Wherefore the judgment is reversed, and the cause remanded with instructions to said court to render a judgment perpetuating their order of injunction, and for other proper proceedings consistent with this opinion.