JAMES MOORE *v.* M. LEE SPEED AND WIFE.

**Judicial Sales—Constructive Notice.**

Only a substantial compliance with every requirement of the statute will give the court jurisdiction to sell property upon constructive service by warning order.

**Judicial Sales—Presumption of Regularity.**

Nothing can be presumed in favor of the regularity of a proceeding by warning order; but the record must show upon its face that the provisions of the Code have been substantially complied with.

APPEAL FROM BULLITT CIRCUIT COURT.

October 24, 1873.

OPINION BY JUDGE LINDSAY:

The claim of Mrs. Speed to dower in the land once owned by her first husband, Stephen Sewell, deceased, can only be defeated upon the idea that the sale in the case of Hoglan v. Sewell divested the latter of his ownership in said land. He was not before the court by actual service of process. The land was not attached, and therefore the court did not have possession or jurisdiction of the thing itself.

The record before us does not show that Sewell was brought before the court by constructive service of process; it is true that the clerk indorsed on the back of an amended petition a memorandum of the fact that there was a warning order against Sewell, and an attorney appointed to defend for him; this attorney made a report, and received an allowance for his services, but the warning order itself is not to be found.

To constitute a valid constructive service, the clerk of the court must make "an order ordering the defendant to appear in the action on the first day of the next term of the court which does not convene within sixty days of the time of making the order." Civil Code, Sec. 88.

The order must be written out, so that when title is claimed through the judgment based upon the constructive service growing out of it, the courts may determine whether or not it was made in accordance with the provisions of law. Nothing but a substantial compliance with every prerequisite will give the court jurisdiction to sell property upon constructive service.

Nothing is to be presumed in favor of the regularity of such proceedings. The record must show upon its face that the provisions of the code have been substantially complied with or the judgment must be treated as inoperative and void. Brownfield et al. v. Dyer et al., 7 Bush 505.

The memorandum or the certificate of the clerk that an order had been made, conferred upon the circuit court no authority to proceed to judgment, and all action based upon such memorandum is void. It results, therefore, as the Bullitt Circuit Court had no jurisdiction of the person of Sewell, either by actual or constructive service, and no jurisdiction of the land by actual service, that its judgment and sale and the confirmation, did not so divest Sewell of his legal title as to deprive his wife of the right to claim dower in the land.

Wherefore the judgment of the court below is affirmed.

*R. H. Field, for appellant.*

*A. H. Field, for appellees.*