CHARLES GRAHAM *v.* H. C. SHEETS.

**Attachment—Bond.**

> A person who has executed a bond to perform the judgment of the court thereby discharges the attachment and becomes liable on his bond.

**Judgment.**

> No valid judgment can be entered against one not before the court as a result of process served, or voluntary appearance.

APPEAL FROM KENTON CHANCERY COURT.

November 17, 1877.

OPINION BY JUDGE COFER:

The appellant having executed a bond to perform the judgment of the court, the attachment was thereby discharged, and he became liable on his bond. But the warning order against Trenboth was made November 9, warning him to appear and defend on the first day of the ensuing December term, and was therefore void. *Brownfield v. Dyer,* 7 Bush 505. Trenboth not being before the court, no judgment could be rendered requiring the appellant to pay anything on account of the debt of Trenboth to the appellee.

The appellant's covenant was to satisfy the judgment against Trenboth and himself in the action. No judgment has been recovered in the action against the appellant, except the judgment to pay what Trenboth owed the appellee. Trenboth not being before the court, either actually or constructively, there could be no judgment against him or his property, and consequently there could be no judgment or order against the appellant on the bond given to discharge the attachment; and the court erred in ordering him to pay to the

receiver $1,792.85, as for the amount attached in the hands of the trustees of the Cincinnati Southern Railway.

If the judgment be treated as against the appellant on the agreement set up in the petition as having been made by him to pay what Trenboth owed the appellee and other employes, it is erroneous because the facts stated do not constitute a cause of action against the appellant.

The allegation is that at the time of the transfer of the contract the appellant knew Trenboth owed a large amount to hands who had performed the work, and then agreed that the amount in the hands of the trustees as back pay on work done prior to that time should be applied to pay said hands. · In the amended petition it is alleged that Trenboth agreed to assign the contract to the appellant and appellee jointly, and would have done so if appellee had insisted on it; but that in consideration that the appellant agreed that the amount due on the contract and then held back by the trustees should be appropriated to pay himself and others who had worked on the job, when the work was finished, he consented that the contract might be assigned to the appellant. This is not sufficient to constitute a cause of action against the appellant. At most it only shows an agreement by the appellant that the back pay for work done by Trenboth should be applied to pay Trenboth's hands. But it fails to state any consideration for that agreement.

The court also erred in requiring the appellant to pay to the receiver the sum of $417.25, the amount of the personal judgment against the appellant in action No. 1404. A judgment in his name was rendered for that sum, and it should have been enforced by fieri facias, and not by an order to pay it to the receiver, which order, if allowed to remain, may be enforced by summary proceedings as for contempt.

The right and power of the chancellor to enforce his judgments by summary process against the person of the defendant in a large class of cases is not questioned, but that power is confined to cases where the party occupies some fiduciary position, or where he has dealt with the court as an officer of the court in an action, and become debtor to the court, and cases in which it is authorized by statute. The simple fact that the chancellor has rendered a judgment does not authorize him to enforce it by process of contempt without regard to the relation of the parties to each other and to the court.

So much of the judgment of April 9, 1877, as required the appel-

lant to pay money to the receiver is *reversed,* and the cause is remanded for further proper proceedings.

*L. L. Hallam, for appellant.* *C. D. Foote, for appellee.*