CASE 96—PETITION EQUITY—January 15.

# Northern Lake Ice Co. v. Orr, Etc.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. DEED TO DECEDENT—EFFECT OF.—Under the provisions of section 2063 of the Kentucky Statutes a deed to a deceased person, if accepted by his children, vests in them whatever title would have vested in the grantee.

2. AFFIDAVIT FOR ATTACHMENT—PRACTICE IN CIVIL CASES.—Under the provisions of the Civil Code, Sections 117 and 550 an affidavit for an attachment on behalf of a corporation when made by an attorney for the corporation, must not only show that he is such attorney or agent, but that the officer or agent of the company who would be required to verify it, if in the county, was at the time absent therefrom.

3. ATTACHMENTS—DEFECTIVE AFFIDAVIT FOR—INTERVENING LIENS—PRACTICE IN CIVIL CASES.—Under the provisions of section 268, sub-section 2, of the Civil Code providing for the amendment of a defective affidavit for attachment, and further providing that it shall not when amended affect a *bona fide* right to or lien upon the property attached previously acquired, the amendment of an affidavit for attachment made by an attorney so as to show his

right to make the affidavit, will not affect title acquired after the attachment was issued, but before the amendment perfecting it.

S. H. BUSH, FOR APPELLANT.

1. The jurat as originally prepared was sufficient under the provisions of section 117 of the Civil Code; but if they were not sufficient the affidavit subsequently filed cured the defect and restored the appellants to all the rights and priorities which it had before the same was discharged on account of the alleged defect. Sec. 268 of the Civil Code. Bamberger, Bloom & Co. v. Moayon, 13 Ky. Law Rep., 102. It will be observed that there was no defect in the petition or in the allegations for attachment, but merely in the affidavit or jurat. Allen v. Brown, 4th Met., 307.

2. A child has no interest in a father's estate during his father's life, which he can mortgage, transfer or sell in any way. Wheeler v. Wheeler, 2d Met., 474; Alvis v. Schlesinger, 81 Ky., 290; McCall's Administrator v. Hampton, 17 Ky. Law Rep., 713.

MARRIOTT & FAUREST, FOR APPELLEES.

1. The affidavit for attachment was fatally defective because it was sworn to by the attorney for the appellant, and there was no statement therein that appellant's chief officer or agent was then absent from the county as required by section 196 of the Civil Code. Pool v. Webster, 3 Met., 278; Burgess v. Jacobs, 14 B. M., 520.

2. Appellant's attachment having been properly discharged, the subsequent reinstatement of it on the filing of an amended affidavit did not affect any rights appellees may have acquired to the attached property before the filing of the amended affidavit. Sec. 268, sub-section 2 of the Civil Code.

2. The mortgage of Chas. Lott to Lizzie Orr became binding on him by way of estoppel immediately on the death of his father, and this estoppel was not only binding on him, but all persons claiming through him, and therefore the lien created by the mortgage is superior to that created by the attachment. Smith on Contracts, 21; Davis v. Tingle, 8 B. M., 543; Cox v. Lacy, 3 Litt., 336; Massy v. Sebastian, 4th Bibb, 436; Beard v. Grigg, 1st J. J. M., 27; Lawson's Rights, Remedies and Practice, vol. 6, page 1408, Comstock v. Smith, 13 Pickering, 16. (27 Am. Decisions, 670); Bank of Utica v. Mersereou, 3 Barbour's Chancery, 528; (49 Am. Dec., 197); Bohan v. Bohan, 78 Kentucky, 412; Perkins v. Coleman, 12 Ky. Law Rep., 501; Trull v. Eastman, 3 Met., 121

(Mass), (37 Am. Dec., 126); Terry v. Rodohon, 79 Ga., 278 (11 Am. State Reports, 431); McPherson v. Cumliff, 11 Serg. & R., 422; (14 Am. Dec., 642).

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On May 29, 1895 this action was instituted on an account against the appellee, Lott. An attachment was obtained in the action and levied upon a one-sixth interest in a house and lot. On June 10, 1895, Lott made a deed for the one-sixth interest in the house and lot, upon which the attachment had been levied, to Lizzie Orr (then deceased), who was the mother of some of the appellees, and they accepted the deed.

By section 2063, Kentucky Statutes the children were vested with whatever title that would have passed to their mother had she been living when the deed was made. The affidavit for the attachment was embraced in the petition. In other words, there was not a separate affidavit filed. It sets out fully all that was essential to be alleged under section 196 Civil Code of Practice to have entitled the plaintiff to an attachment. The petition was verified by the attorney for the appellant. The Jurat reads as follows:

"S. H. Bush says that the plaintiff is a corporation; that he is its attorney; that the above statements are true." The affidavit required by section 196 Civil Code of Practice should be made by the plaintiff but under a certain state of case the agent or attorney of the plaintiff may make the affidavit.

Section 550, Civil Code of Practice, reads as follows: "Any affidavit which this Code requires or authorizes a party to make may, unless otherwise expressed, be made by his agent or attorney, if he be absent from the county * * * * *

(5). The affidavit of an agent' or attorney must state the absence from the county of the party or parties for whom it is made, and the fact that the affiant is agent or attorney." It will be observed that two things must appear in an affidavit which an attorney or agent is entitled to make. It is essential that the agent or attorney should state the absence from the county of the party for whom he is making the affidavit, and also that the party making it is agent or attorney. When an affidavit is thus made by an agent or attorney, the party before whom it is to be used is entitled from that affidavit to know that the party is absent from the county, and that the person who makes the affidavit is his agent or attorney. If these facts do not appear the affidavit is defective.

Section 117, Civil Code of Practice, reads as follows: "Pleadings, the verification of which is required by this Code, must be verified as follows: * * * (2). "That of a county, or of a municipal or private corporation, must be verified by its chief officer or agent, upon whom a summons in the action is lawfully served, or might be lawfully served if it were a defendant; or, if it have no such officer nor agent residing in the county in which the action is brought, or is pending, it may be verified by its attorney." * * * * It will be seen when plaintiff is a corporation and sues out an attachment, the affidavit must be verified by the officer upon whom a summons in the action might be lawfully served, if it were a defendant. If it have no such agent in the county then it may be verified by its *attorney*. When the attorney verifies for the corporation under the provision of the Code, it must appear that he is authorized to do so by a statement

that the officer or agent who would be required to verify if
in the county is absent therefrom.

When we consider the provisions of sections 117 and 550,
Civil Code of Practice, it is manifest that it is just as essen-
tial in an affidavit which he makes for a corporation to show
the absence of certain officers who are authorized to verify a
pleading or make an affidavit for it as it is to show in an
affidavit the absence of the individual for whom it is made.
It, therefore, follows that the affidavit is defective. The at-
tachment is not void and were there no rights intervening he
could amend his affidavit, as he did do, and maintain the lien
which was acquired by the levy of the order of attachment.

We think in this case the children of Lizzie Orr acquired
title to the interest in the house and lot upon which this at-
tachment was levied by *virtue of the deed* to which we have
alluded. This right was acquired after the attachment had
been levied, and they were entitled to be made parties to the
action and controvert plaintiff's right to a superior lien upon
the property.

Sub-division 2, section 268, Civil Code of Practice, reads
as follows:

"A plaintiff may, by an amended affidavit, conforming to
196, cure a defect in the affidavit upon which he obtained an
attachment; or may state a ground of attachment not men-
tioned in his affidavit, whether it may have existed when he
filed the first affidavit, or may have arisen afterward; and
may thus acquire a lien upon the attached property, if the
proceedings conform to law in other respects; but such lien
shall not affect a bona fide right to, or lien previously acquir-
ed upon, the property, by attachment or otherwise." The

court upon the face of the pleading discharged the attachment but allowed the plaintiff to amend his affidavit, and in which amendment it appeared that at the time the original affidavit was made the officers of the corporation, who should have been there, were absent from the county; hence the attorney was entitled to make the affidavit for them. But, as the affidavit was defective as we have herein endeavored to show, the lien which the plaintiff acquired by the amended affidavit can not affect the rights of the children of Lizzie Orr, as they acquired such right before the amended affidavit was filed conforming to the requirements of the Code. This view is in accord with the several adjudications of this court.

The judgment is affirmed.