## First National Bank v. Sanders Bros., et al.

(Decided January 27, 1915.)

### Appeal from Allen Circuit Court.

1. Judgment—Constructive Service.—A personal judgment cannot be rendered against a defendant who is constructively summoned, and has not entered his appearance.

2. Judgment—Constructive Service.—A judgment in rem can not be rendered against a defendant constructively summoned, except in favor of a plaintiff who has acquired a lien by attachment or otherwise, against the property of the non-resident, and then the judgment can only be to subject the property of the non-resident to the payment of his debt, to the extent of the proceeds of such property.

3. Attachment—Affidavit for Warning Order—Corporations.—An affidavit for a warning order or attachment at the suit of a private corporation, must be made by its chief officer in the county, unless such officer be absent, in which case it can be made by an agent or attorney, whose affidavit must show that such officer is absent from the county.

4. Corporations—Chief Officer of.—Who the chief officer of a private corporation is, is defined by Section 732, Subsection 33, of the Civil Code.

5. Attachment—Non-resident Defendant—Appearance.—A non-resident defendant, who is then absent from the State, and who does not cause a forthcoming bond, provided for in Section 214, of the Civil Code, to be executed for him, and who does not thereby obtain or retain the possession of the attached property, does not enter his appearance to the action, on account of Section 690, of the Civil Code, when a forthcoming bond is executed by some one else who claims to own the property, and who obtains or retains possession of it thereby, although said bond on its face purports to be executed for the non-resident.

6. Attachment—Discharge of.—When the petition of a plaintiff is dismissed, it has the effect of discharging an attachment sued out by the plaintiff, although the judgment dismissing the petition does not order a discharge of the attachment.

GILLIAM & GILLIAM for appellant.

GOAD, OLIVER & GOAD for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 11th day of February, 1914, the appellant, First National Bank, filed its petition in equity in the Allen Circuit Court against Charles Sanders and Sanders Bros., and in the petition alleged that Charles Sanders was indebted to it in the sum of $100.00, and with interest from September 24th, 1913, by reason of a promissory note which he had executed to the appellant on the 24th day of May, 1913, and further alleged that the firm of Sanders Bros., which was composed of Charles Sanders and Bernie Sanders, had made the firm of Sanders Bros. liable upon said note by writing the name of Sanders Bros. across the back of the note with the intention of indorsing the same, and that Charles Sanders had left the State for the purpose of cheating and defrauding his creditors, and that the defendants were then selling their property with the announced intention of quitting business, and removing their property from the State, and were disposing of their property with the fraudulent intention of cheating and hindering their creditors in the collection of their debts, and that Charles Sanders was then a non-resident of the State and prayed for a judgment against Sanders Bros. for the amount of the note sued on and for a general order of attachment against the property of the defendants, and that enough of it be sold to pay the appellant's debt, interest, and cost. On the same day the appellant filed another suit in the clerk's office of the court against the same parties, in which it alleged that it held a promissory note for the sum of $50.00 against Charles Sanders, executed on July 5th, 1913, and due two months thereafter; and that, furthermore, during the month of October, 1913, at various times, Charles Sanders had drawn checks upon it for various amounts, in all amounting to the sum of $180.00, which appellant had paid and charged same to Charles Sanders, who, it seems, had no funds in bank to satisfy the checks, and that they also had an overdraft charged to Charles Sanders for $47.22, and that this indebtedness was made while he was a member of the firm of Sanders Bros.; that since said time the firm of Sanders Bros. had pretendedly made a dissolution of their partnership, and that their partnership effects had been taken over by Bernie Sanders without any consideration, and for the purpose of defrauding the creditors of Charles Sanders; that Charles

Sanders had left the State, and asked the court to adjudge that the pretended dissolution of the said partnership was a fraud, and to set it aside, and for a general order of attachment against all of the defendants, and that the assets of the partnership of Sanders Bros., and the interest of Charles Sanders, be subjected to the payment of its debt, interest and cost. The appellant procured a warning order to be made against Charles Sanders in the first named suit, but failed to do so in the last named suit. The two petitions contain sufficient allegations, all of which we have not enumerated, to entitle the appellant to a general order of attachment in each case, and the petitions were sworn to by H. P. Gardner, the cashier of appellant bank. Whether appellant had a summons or an order of attachment issued upon these petitions we do not know, or whether the attachment was ever levied, or summons ever executed upon Bernie Sanders, we do not know, since there is no summons nor order of attachment copied into the record. We can only infer that there was an order of attachment in one or the other, or both of said cases, from the fact that on February 18th, 1914, B. Sanders, with A. Sanders, W. C. Goad, Sr., and Francis R. Goad as sureties, executed a forthcoming bond to the appellant in accordance with Section 214 of the Civil Code, in the presence of the sheriff of the county. The order of attachment, if there was one, and the return thereon, not being in the record, we are unable to say upon what it was that the attachment was levied.

The attorney appointed in the warning order for the non-resident defendant, Charles Sanders, in the first-named case, filed a report on the 21st day of April, in which he alleged that he had been unable to find the whereabouts of Charles Sanders until a few days before that time, and that he had direct information from him that he did not desire any defense made for him by the non-resident attorney in the suit.

Bernie Sanders filed an answer in each of the suits, in which he denied any obligation upon his part for the indebtedness of Charles Sanders, and denied the authority of Charles Sanders to bind the firm of Sanders Bros., by endorsing the note mentioned in the first suit, and denied all of the grounds of the attachment against him, and further denied all allegations of any fraudulent conduct upon his part, and alleged that previous to the filing of said suits that the firm of Sanders Bros. had

been dissolved on account of the prodigal and extravagant habits of Charles Sanders; that the firm of Sanders Bros. owed no debts at the time of its dissolution, except what it owed A. Sanders, and that the money furnished Charles Sanders by appellant was for his individual use, and upon his individual credit, and that at the time the suits were filed and the attachment levied, he was the individual owner of the stock of goods, which had been previously owned by Sanders Bros.; that they gave public notice of the fact that the partnership was dissolved at the time of its dissolution; that the indorsement of the name of Sanders Bros. on the back of the note mentioned in the first suit was done by Charles Sanders without any authority from the defendant, Bernie Sanders, or the partnership of Sanders Bros., and was for a personal obligation of Charles Sanders, and that none of the proceeds of the note was used or came into the business of Sanders Bros.

The answers of Bernie Sanders were controverted by replies filed by the appellant. By agreement of Bernie Sanders and the appellant, the two suits were consolidated and tried as one suit. Bernie Sanders also filed a written motion to discharge the attachments because the affidavit upon which they were issued was made by H. P. Gardner, who was only the cashier of the appellant bank, when A. G. Braswell, president of the bank, was in, and not absent from the county.

It seems that the evidence in the suits was given orally by the witnesses before the court, and that all the questions raised by the pleadings were submitted together, and upon a hearing of all of the evidence and a consideration of the entire case, the court adjudged that the petitions be dismissed, to which appellant excepted, and prayed, and was granted an appeal to this court.

The court below heard all of the evidence offered by the appellant and Bernie Sanders as to whether or not Charles Sanders had any interest in the attached property at the time of the bringing of the suits.

It seems from the evidence that the partnership debts of the firm of Sanders Bros. far exceeded the assets belonging to the Sanders Bros., and that the assets were all used in discharging the partnership obligations, and left a balance of several hundred dollars of the partnership obligations unsatisfied. In this state of case there would have been nothing of the partnership assets for

the court to appropriate to the discharge of the individual indebtedness of Charles Sanders.

The appellant, by counsel, insists that the court erred in not giving it a personal judgment against Charles Sanders for his indebtedness to it. There is no doubt that Charles Sanders owes the appellant the debts sued for. Section 419 of the Civil Code provides: "That no personal judgment shall be rendered against a defendant who is constructively summoned, or summoned out of this State, as provided for in Section 56, and who has not appeared in the action." This section of the code has been frequently construed by this court. (Harris v. Adams, 2 Duvall, 141; Greswold v. Popham, 1 Duvall, 170; Berry v. Berry, 6 Bush, 594; Young v. Bullen, 19 R., 1561.) This court had no jurisdiction to render any kind of a judgment against the non-resident Charles Sanders, unless the appellant had first procured a valid warning order against him, and a valid order of attachment, and created a lien upon some property owned by Charles Sanders, by levying the attachment thereon, as the appellant did not claim to have any lien upon his property, except by reason of the attachment levied. The only judgment that could have been rendered, if a valid order of attachment had been obtained, and a valid warning order made, was one to appropriate the proceeds of a sale of Charles Sanders' property to the payment of appellant's debt to the extent of the proceeds of the property.

In the second suit filed it appears that no warning order was ever made against Charles Sanders, and for that reason he could not be before the court in that case, either actually or constructively, unless he had entered his appearance to the suit, or he had had his appearance entered as provided for by Section 690 of the Civil Code. The affidavit for the warning order in these cases, as well as the affidavit upon which the order of attachment seems to have been obtained, were embraced in the petition filed, and which were sworn to by the cashier of the appellant bank, and this seems to be the only affidavit in the case.

Section 117 of the Civil Code, Sub-section 2, provides:

"That the pleadings of a private corporation must be verified by its chief officer, or agent upon whom a summons in an action is or might be lawfully served if the corporation were a defendant, or if it has no such officer

or agent residing in the county in which the action is brought or is pending, it may be verified by its attorney.''

Section 550 of the Civil Code provides: ''That any affidavit which this Code requires and authorizes a party to make, may, unless otherwise expressed, be made by its attorney or agent, if he be absent from the county,'' and Sub-section 5, of 550, provides that the affidavit of an agent or attorney must state the absence from the county of the party or parties for whom it is made, and the fact that the affiant is agent or attorney.

In Northern Ice Co. v. Orr (102 Ky., 586) this court held: ''That when an agent or attorney makes an affidavit for a corporation, it must be stated that the officer of the corporation, who, if in the county, should verify the pleadings, is absent.''

Section 732 of the Civil Code, Sub-section 33, defines the chief officer of a corporation, which has any of the officers or agents therein mentioned: First, its president; second, its vice-president; third, its secretary and librarian; fourth, its cashier and treasurer; fifth, its clerk; sixth, its managing agent. Section 51, Sub-section 3, of the Civil Code, provides:

''That in an action against a private corporation a summons may be served in any county upon the defendant's chief officer or agent, who may be found in this State, or it may be served in the county wherein it is brought, upon the defendant's chief officer or agent, who may be found therein.''

It seems from these sections of the Code that the affidavit for a warning order, as well as the affidavit for an attachment, must be made by the chief officer or agent of the corporation, if such officer is in the county at the time, or that the affidavit, if made by any other person, is invalid, unless the affidavit shall show the connection which the party making it has with the corporation, and that the officer whose duty it is to make the affidavit is then absent from the county. The affidavit in this case shows the connection which the affiant had with the appellant-plaintiff, but it fails to show that the president of the corporation, who is its chief officer, was absent from the county. While a defense of this kind as to the affidavit for an attachment would not render the order of attachment invalid, unless this was presented to the court before any trial of the cause, but, in this case, the

motion of the defendant to quash the attachment upon that ground was made by the defendant, Bernie Sanders, before the case was submitted for trial. It has been held by this court that the provisions of the Code in all proceedings upon constructive service must be literally followed, and that nothing short of a substantial compliance with every requirement will give the court jurisdiction. (Brownfield v. Dyer, 7 Bush, 585; Clark v. Raison, Jr., 126 Ky., 486.)

The proceedings in these cases in the light of the above named provisions of the Civil Code, and the adjudications of this court thereon, it seems that the appellant failed to comply with the provisions of the Code upon these subjects, and that the warning order obtained by him was invalid, as well as the order of attachment obtained was invalid, and gave the court no jurisdiction, either of the person or property of the defendant, Charles Sanders.

Having arrived at this conclusion, it is unnecessary to determine whether or not Charles Sanders owned any interest in the property attached at the time of the bringing of these suits, and, besides, the court below having heard all of the evidence upon that subject, it seems from the evidence that the assets of the partnership of Sanders Brothers were exhausted in the payment of the partnership debts, and there was nothing owned by Charles Sanders upon which the appellant could obtain a lien by the levying of an attachment, in order to give the court jurisdiction, and we are unable to say that the court made any error in determining that Charles Sanders had no interest in the attached property.

The indorsement of the $100.00 note sued upon, of the name of Sanders Brothers, upon the back of said note by Charles Sanders did not make Bernie Sanders individually liable upon the debt, because it does not appear that said debt was a debt of the partnership, and Charles Sanders would have no authority to bind the partnership for his individual obligations, as the borrowing of the money for his personal use was not one within the scope of a partnership engaged in merchandising.

The appellant, however, insists that the court erred in not giving it a personal judgment against Charles Sanders on account of the execution by Bernie Sanders, with A. Sanders and others as his sureties of the bond provided for in Section 214 of the Civil Code. It in-

sists that under the provisions of Section 690 of the Civil Code, that this was an entry of the appearance of Charles Sanders to the suits. It seems from the pleadings in the case and from the evidence heard that this bond was executed by Bernie Sanders and his sureties, in order to obtain possession of the property, because Bernie Sanders was claiming to be the owner of it, and that, although the bond in its terms was a bond executed for Charles Sanders, and Sanders Brothers, and Section 690 of the Civil Code is as follows: "In an action in which an attachment has been granted, the execution by or for the defendant of a bond, whereby the attachment is discharged, or the possession of the attached property is obtained, or retained by him, shall be an appearance of such defendant in the action."

The evidence shows that Charles Sanders was then a non-resident of the State and absent therefrom, and that he took no part in said suit, nor claimed any interest in the property. The bond executed by Bernie Sanders and his sureties would not discharge the attachment if a valid one had been levied, and neither did Charles Sanders obtain the possession of the attached property, neither was the possession of it retained by him, and under this state of the case, we are of the opinion that the bond, under said provision of the code, did not enter his appearance.

The appellant also contends that the judgment appealed from ought to be reversed because the circuit court failed, by its judgment, to discharge the order of attachment. The judgment does dismiss the petitions upon which the attachments were issued, without granting the relief prayed for, and this, in effect, carried with it the discharge of the attachment. Section 260 of the Civil Code provides: "That if judgment be rendered in favor of the defendant the attachment shall be discharged," and Section 228 of the Civil Code provides: "That if judgment be rendered in the action for defendant, or if the attachment be discharged, the property attached or its proceeds shall be returned to him, and the proceedings against the garnishee shall be dismissed." It seems from these provisions of the code that if the judgment be that the appellant's suit be dismissed, that it also carries with it a discharge of the attachment.

It is, therefore, adjudged that the judgment appealed from be affirmed.