## Moorman v. Taylor et al.

Feb. 4, 1941.

J. Verser Conner and Wilson & Schmiedeskamp for appellant.

Faurest & Faurest and Frank A. Ropke for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case presents the question as to whether the judgment in a proceeding ordering the sale of real property is void and therefore subject to collateral attack, because the affidavit for the warning order for the only defendant which was signed by the secretary and treasurer of the corporation seeking the judgment failed to state that the president and vice president of the corporation were absent from the county. The lower court held that it was; hence this appeal.

Briefly stated, the circumstances relating to this case are: In 1931, the Service Garage Company sued Deane Charles Taylor, one of the appellees, in the Hardin circuit court on an account. Taylor was a nonresident. A warning order was issued for him and an attachment was issued and levied on his property upon the petition of the Garage which was verified as follows:

"Affiant, J. H. Cooper, says that he is Secretary-Treasurer of the Service Garage, Inc., the plaintiff in this action, and that the foregoing statements in this petition are true.

"J. H. Cooper

"Subscribed and sworn to before me by J. H. Cooper this Oct. 28, 1931.

"Gus Belt, Clerk."

A lis pendens notice was filed. It will be noted that Cooper's affidavit did not state whether the Garage had

a president and a vice president, and, if so, whether they were absent from the county. Cooper, himself, may have been the chief officer of the corporation. Taylor's interest in the property in question was ordered sold. The party who purchased his interest later sold it to the appellant herein, Moorman. Shortly after the Service Garage filed its suit, Taylor conveyed his interest in the property to his mother, wife and sister. This deed was recorded in January, 1932. Moorman brought this suit in 1935, setting up his claim to Taylor's original interest in the property. He sought to have the deed made by Taylor cancelled and the property divided or sold. The plea as to the affidavit in question was made in an amended answer. The appellant's demurrer to the amended answer was overruled and the appellee's demurrer to the reply thereto was sustained. The appellant declined to plead further and judgment was entered dismissing his petition.

Section 117 of the Civil Code of Practice sets forth the manner in which pleadings shall be verified. Subsection 2 of that section provides that the pleadings of a private corporation "must be verified by its chief officer or agent upon whom a summons in the action is lawfully served, or might be lawfully served if it were a defendant; or if it have no such officer or agent residing in the county in which the action is brought, or is pending, it may be verified by its attorney." Subsection 3 of Section 51 of the Civil Code of Practice provides that in an action against a private corporation summons may be served, in any county, upon the corporation's chief officer, or agent, who may be found in the state, or it may be served in the county wherein the action is brought, upon the corporation's chief officer or agent who may be found therein. Subsection 33 of Section 732 of the Civil Code of Practice provides:

"The chief officer or agent of a corporation which has any of the officers or agents herein mentioned is: First, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent."

In the case of Mandel v. Fidelity Trust Co., 128 Ky. 239, 107 S. W. 775, 777, 32 Ky. Law Rep. 1104, it was pointed out that, as the plaintiff was a corporation, it could speak only through its officers. In referring to an affi-

davit for a warning order which had been made by a vice president of the corporation it was said:

> "Had the affidavit been made by the president of the company, it could not be said that it was made by the plaintiff, nor could it be said that it was made by the agent or attorney of the company, for the president is no more the agent of the company than is the vice president or any other officer thereof."

It is to be noted that Subsection 33 of Section 732 of the Civil Code of Practice refers to chief officer or agent. The sixth listing under that subsection is managing agent. No other agent is mentioned.

Section 58 of the Civil Code of Practice sets forth the conditions under which the clerk may make a warning order. Subsection 5 of that section provides:

> "What affidavit of agent or attorney must state. But the clerk shall not make such order upon the affidavit of an agent or attorney unless it also state the affiant's connection with the plaintiff, and the fact that he is absent from the county."

It can be seen from this provision of the Code that the clerk is expressly prohibited from making a warning order on an affidavit signed by an agent or attorney unless it states the affiant's connection with the plaintiff and the fact that the plaintiff is absent from the county. Should the clerk make a warning order upon the affidavit of an agent or attorney in the absence of a showing of the affiant's connection with the plaintiff and the fact that the plaintiff was absent from the county, it would be fatally defective. Section 550 of the Civil Code of Practice provides that any affidavit which the Code authorizes a party to make may be made by his agent or attorney, if he be absent from the county, unless the Code directs otherwise. In Subsection 5 of this section there is a requirement as to what such affidavit shall show similar to that found in Subsection 5 of Section 58. Subsection 5 of Section 550 reads:

> "Affidavit of agent or attorney, what to state. The affidavit of an agent or attorney must state the absence from the county of the party or parties for whom it is made, and the fact that the affiant is agent or attorney."

There is no requirement to be found in the Code, where an officer other than the principal officer of a corporation verifies a pleading for a corporation, that he state the absence of the principal officer from the county. It follows, therefore, that, when the clerk makes a warning order upon an affidavit signed by an officer other than the principal officer of a corporation, the order is not void, though it may be conceded that the clerk acted erroneously. However, we have frequently pointed out that we will indulge in the presumption that the clerk had before him evidence sufficient to warrant the making of the warning order. Kreiger v. Sonne, 151 Ky. 739, 152 S. W. 936.

It was held in Northern Lake Ice Company v. Orr, 102 Ky. 586, 44 S. W. 216, 19 Ky. Law Rep. 1634, that, when an agent or attorney makes an affidavit for a corporation, it must be stated that the officer of the corporation who, if in the county, should verify the pleadings, is absent. That case involved circumstances where the petition, which was verified by the attorney for the Ice Company, embraced an affidavit for an attachment. The affidavit did not state the absence of certain officers who were authorized to verify a pleading or make an affidavit from the county.

After reviewing Subsection 2 of Section 117 of the Civil Code of Practice, Section 550 and Subsection 5 thereof, Subsection 33 of Section 732, and Subsection 3 of Section 51, and referring to the Orr case, it was said in the case of First National Bank v. Sanders Brothers, 162 Ky. 374, 172 S. W. 689, 692:

"It seems from these sections of the Code that the affidavit for a warning order, as well as the affidavit for an attachment, must be made by the chief officer or agent of the corporation, if such officer is in the county at the time, or that this affidavit, if made by any other person, is invalid, unless the affidavit shall show the connection which the party making it has with the corporation, and that the officer, whose duty it is to make the affidavit, is then absent from the county. The affidavit in this case shows the connection which the affiant had with the appellant, plaintiff, but it fails to show that the president of the corporation, who is its chief officer, was absent from the county. While a defense of

this kind as to the affidavit for an attachment would not render the order of attachment invalid, unless this was presented to the court before any trial of the cause, yet in this case the motion of the defendant to quash the attachment upon that ground was made by the defendant Bernie Sanders before the case was submitted for trial.

"It has been held by this court that the provisions of the Code in all proceedings upon constructive service must be literally followed, and that nothing short of a substantial compliance with every requirement will give the court jurisdiction. Brownfield v. Dyer, 7 Bush 505; Clark v. Raison, Jr., 126 Ky. 486, 104 S. W. 342, 31 Ky. Law Rep. 905.

"By the proceedings in these cases in the light of the above-named provisions of the Civil Code, and the adjudications of this court thereon, it seems that the appellant failed to comply with the provisions of the Code upon these subjects, and that the warning order obtained by him, as well as the order of attachment, was invalid, and gave the court no jurisdiction, either of the person or property of the defendant Charles Sanders."

The Sanders case is relied upon by the appellees in support of the ruling of the lower court that the judgment ordering the sale of the property was void. Our rulings are numerous, as indicated in the foregoing quotation from the Sanders case, that the provisions of the Code in proceedings upon constructive service must be literally followed, and that nothing short of a substantial compliance will give the court jurisdiction. It is obvious, however, from our review of the provisions of the Civil Code heretofore mentioned and the Mandel case, that the Court fell into error in the Sanders case when it said:

"It seems from these sections of the Code that the affidavit for a warning order, as well as the affidavit for an attachment, must be made by the chief officer or agent of the corporation, if such officer is in the county at the time, or that this affidavit, if made by any other person, is invalid, unless the affidavit shall show the connection which the party making it has with the corporation, and that the officer, whose

duty it is to make the affidavit, is then absent from the county.''

We now expressly overrule that part of the Sanders opinion.

Cooper's affidavit was in substantial compliance with the procedure outlined in the Civil Code. It follows, therefore, that it is our conclusion that the judgment was voidable and not void, and therefore not subject to collateral attack.

Wherefore, the judgment is reversed with directions to set it aside and to overrule the demurrer to the reply and for proceedings consistent with this opinion.

Whole Court sitting, except Judge Perry.