## SAMUEL NORRIS, Respondent, *v.* PETERSON RUSSELL, Appellant.

A complaint in ejectment need not aver title in the plaintiff, but an averment of his prior possession, and an ouster, is sufficient.

Prior possession is evidence of title. and this can not, by any system of reasoning, be made to yield to mere color of title.

To sustain a title by virtue of a Tax Collector's deed, it has, by the best authorities, been held, that every pre requisite to the exercise of the power of sale by the officer must be shown to have been accomplished.

Our statute makes Tax Collectors' deeds *prima facie* evidence of title.

One of the pre-requisites to the validity of a tax sale is the authority under which the taxes are assessed.

The defendant attempted to show an Ordinance of the City of Sacramento, but offered only a newspaper copy of it. In support of this, as secondary evidence, the counsel for the defendant swore to a search for the original, which he himself had made in a book of Ordinances handed him by the keeper of the City Archives. *Held*, that the evidence was properly excluded, because this was an insufficient predicate.

The search should have been made and testified to by the keeper of the records, or he should have been subpœnaed to bring into Court with him the original Ordinance, and then, upon his failure to find it, after diligent search, the copy, if established to be correct, would have been admissible.

Secondary evidence must always be received with caution, and then not until every means is shown to be exhausted in the effort to procure that which is superior.

Appeal from the District Court of the Sixth Judicial District, Sacramento County.

The facts material to the different points decided, appear in the opinion of the Court.

*Crocker, McKune, & Robinson*, for Appellant, cited—

2 Stew., 115. Adams on Eject., 32, and note. 2 S. and R., 53. 10 Johns., 356. 2 Ib., 22. 16 Ib., 324. 1 Cow., 613. 5 Litt., 317. 4 Dana, 464. 1 Watts and Sergt., 501. 9 Watts, 344. 6 Barr, 211, 222. 5 S. and R., 254. 8 Mass., 111. 1 Murphy, 311. 3 Mon., 216. 4 Dev., 555. 2 Litt., 62. 5 Watts, 287. 2 Gilm., 437. 20 Johns., 49. 1 Blackf., 210. 2 Ib., 298. 5 Ib., 590.

*Robinson & Beatty*, for Respondent, cited—

5 Wheat., 77.   7 Cow., 88.   1 Johns., 441.   4 Hill, 76, 145.   7 Wend., 148.   15 Ibid., 348.   19 Ibid., 659.   4 Dev., 15.   1 Kent's Com., 612.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY, C. J., concurred.

The first objection is to the form of the declaration, because it does not aver title, but avers simply a prior possession and an ouster.   This is all that is required in a technical action of ejectment, and certainly we cannot be more strict under our system, which is intended to allow much indulgence in the forms of pleading.   In the action of ejectment, it was necessary to declare upon a fictitious demise.   If, as it is said, the fiction in this State is abolished, (which we have never decided, and are not now called on to decide,) then it follows that the remedy remains without the fiction; in which case, the plaintiff must declare upon his possession, without the necessity of showing a demise.

Second, It is objected that the defendant had color of title, although his possession was subsequent to the plaintiff's, and therefore it is urged his possession ought to prevail.   But it must be held in view, that prior possession is evidence of title, and this can not, by any system of reasoning, be made to yield to mere color of title; or, in other words, to that which is not title.

Third, To sustain a title by virtue of a Tax Collector's deed, it has, by the best authorities, been held, that every pre-requisite to the exercise of the power of sale by the officer must be shown to have been accomplished.   Our recent statute makes Tax Collectors' deeds *prima facie* evidence of title; but the claim in the present case accrued before the new statute, and therefore does not come within its provision, and it must be decided by the rule which existed previously.   One of the pre-requisites to the validity of a tax sale is the authority under which the taxes are asses-ed.   The defendant attempted to show an Ordinance of the city of Sacramento, but offered only a newspaper copy of it.   In support of this as secondary evidence, the counsel for the defendant swore to a search for the original, which he himself had made in a book of Ordinances handed him by the keeper of the city archives.

The evidence was properly excluded, because this was an insufficient predicate. The search should have been made, and testified to, by the keeper of the records, or he should have been subpœnaed to bring into Court with him the original Ordinance, and then, upon his failure to find it after diligent search, the copy, if established to be correct, would have been admissible.

Under the sale for State and County taxes, there is a similar deficiency of evidence in the want of notice of the sale. As in the point previously discussed, I think secondary evidence would have been admissible if a proper predicate had been laid; but such is not the case. The witness, who was the officer who sold the property, simply says he preserved no copy of the notice, and knew of none; but there is a total want of any diligence shown in searching for a copy, or in making inquiries for, or endeavoring to procure one. The notice it seems was a printed one. The printing office, as well as the various fiscal offices connected with the county administration, ought properly to have been searched, and might possibly have afforded the evidence which was lost. Secondary evidence must always be received with caution, and then not until every means is shown to be exhausted in the effort to procure that which is superior.

Judgment affirmed.