### Bowling v. Hacker.

(Decided January 27, 1922.)

### Appeal from Clay Circuit Court.

1. Taxation—Forfeiture of Land Delinquent.—The forfeiture of land titles for failure to assess and pay taxes thereon, as is provided by article 3, chapter 108 of 1915 edition Carroll's Statutes, and which is chapter 22, Session Acts 1906, relates only to titles held under and by virtue of the grant of and patent by the Commonwealth of Kentucky or by the Commonwealth of Virginia while Kentucky was a part of it, and the statute does not provide for the forfeiture of any other title, claim or possession of the same land although the owner or claimant of such adverse title to the grant, or patent, may be a defendant in the forfeiture proceeding, Therefore, a title by adverse possession of a part of the land covered by the grant or patent sought to be forfeited, is not affected by such proceeding, and a purchaser at the sale of the forfeited

title, made pursuant to the forfeiture, as provided by the statute acquires no superior title as against such adverse one or as against one acquired in any other manner than through the forfeited patent.

2. Taxation—Forfeiture of Land Delinquent.—Under section 6 of the act referred to (now section 4076g of the statute supra) a forfeiture of any title provided for, which is not purchased back by the owner or claimant thereof as provided by section 4076e of the statute, is immediately by operation of law transferred to and vested in the one who by himself alone or by himself and immediate vendors held any part of the land claimed by, or under, any character or color of title for as much as five years immediately preceding the forfeiture, by adverse possession and who paid the taxes thereon for the same time, and the purchaser of the forfeited title acquires no interest in the land covered by the forfeited patent to any of the land so held.

A. T. W. MANNING and DISHMAN, TINSLEY & DISHMAN for appellant.

CLAY & WALL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The question involved in this action is whether appellant and plaintiff below, Daniel Bowling, is the owner and entitled to the possession of a tract of land in Clay county, which we gather from the record is not a very large one, and which, he alleged in his petition, was wrongfully detained from him by the appellee and defendant below, Alfred Hacker. Plaintiff sought judgment for the recovery of the land and $100.00 damages for timber taken therefrom by defendant. The original answer denied plaintiff's title or ownership to any part of the land in controversy and alleged that defendant was the owner of it. An amended answer relied on a tax deed executed by the sheriff of Clay county to defendant pursuant to a sale of the land in 1907 by the officer for the collection of state and county taxes assessed against Alabama Ivins (but whose connection with the title to the land is not shown), at which sale one Manning became the purchaser and he later transferred his bid to defendant to whom the sheriff conveyed it.

Another paragraph relied on five years' adverse occupancy of the land by defendant and his predecessor in title before the Reynolds patent under which plaintiff claims was forfeited under a proceeding by the Commonwealth pursuant to the provisions of article 3, chapter 108,

Kentucky Statutes, Carroll's edition, 1915, and that such adverse occupants assessed the land and paid the taxes thereon during the time of their occupancy, and that under the terms of section 4076g of the same edition of the statutes (which is a part of chapter 22, Session Acts 1906), the adjudged forfeiture in the proceeding instituted by the Commonwealth, and by which the title proceeded against vested in the Commonwealth, was immediately transferred to and vested in defendant.

Appropriate pleadings made the issues and upon trial the court overruled plaintiff's motion for a peremptory instruction in his favor but sustained a similar one made by defendant, and the jury returned a verdict accordingly, followed by a judgment dismissing the petition, of all of which plaintiff complains on this appeal.

At the trial plaintiff introduced a patent granted by the Commonwealth of Virginia on May 18, 1786, to James Reynolds, assignee of James Marie, Moses Bertram, Benjamin Say and William Forbes, which covered 61,958 acres of land, in what was then Lincoln county, Virginia, and now a part of Clay county, Kentucky, and which patent was signed by Patrick Henry as Governor, and it is agreed includes the land in controversy. He then introduced a deed from the master commissioner of the Clay circuit court to James E. Kirby conveying all of the forfeited interest in the land covered by the Reynolds patent, which the court was authorized to forfeit and to sell under the statute referred to, and in which deed the style of the forfeiture proceedings as well as all steps taken therein were recited, including a report and confirmation of the sale and an order of the court directing the deed to be made. This was followed by introducing a deed from Kirby to plaintiff for a tract of land within the Reynolds patent which included that involved in this case.

Defendant introduced his tax deed and a number of tax receipts showing that he and his vendor, Manning, had paid the taxes on the land in controversy for more than five years immediately preceding the judgment of forfeiture of the Reynolds patent. He also exhibited two other junior patents which partially lapped on the Reynolds patent, in which laps, or at least one of them, is located the land in controversy and that the patentees therein and their successors in title had cleared, lived upon and occupied, either all or a large portion of the land in controversy (claiming all of it) for as much as, or more than, forty years before the judgment of for-

feiture of the Reynolds patent and of the title of all claimants thereunder who were guilty of the statutory derelictions. Some of the cleared land is and has been under fence for a number of years beyond the statutory period of limitation for the acquisition of title by adverse possession, and the claims of such adverse holders extended to marked lines so as to include all the land in dispute. We think, under this state of the record, the directed verdict for defendant was proper for at least two reasons.

The proceeding by the Commonwealth to forfeit the title of all claimants under the Reynolds patent who had not paid their taxes, as required by article 3, chapter 108 of the statutes, *supra,* was filed by the Commonwealth's attorney of the district in which the land lay on June 10, 1912, and the defendants therein were the land itself as described in the patent, and the unknown heirs, devisees and vendees of James Reynolds and the unknown owners and claimants of any part of the land through or under that patent, which were all of the defendants against whom such proceedings could be maintained under the statute; for it expressly excludes from forfeiture in such proceedings any title acquired adverse to the forfeited patent or to the title of any holder thereunder. A portion of section 4076d, which is a part of the article and chapter referred to, says: "And no other title, claim or possession or continuity thereof, whether owned or claimed by the defendant or by others, shall be forfeited or in any manner affected by said proceeding." It is required by the statute that "The petition of the plaintiff shall allege the facts constituting the cause of forfeiture under the provisions of this article, and there shall be filed with it a copy of the grant or instrument upon which the title or claim sought to be forfeited is based." From this latter, and other provisions of the statute, it is rendered plain that the intent and purpose of the legislature in enacting it was to provide a remedy for the forfeiture of all titles under grants by the Commonwealth in all cases where the title holders had not assessed their holdings and paid the taxes thereon in the manner set out in the statutes, and that there should be no forfeiture of any title acquired to any part of the land covered by the grant, and which was acquired adversely to it, by any of the methods known to the law, including that acquired by adverse possession. This construction of the statute is forfeited by the cases of Eastern Ken-

tucky Coal Lands Corporation v. Commonwealth, 127 Ky. 667; Bronaugh v. Commonwealth, 188 Ky. 103, and Bryant v. Commonwealth, 190 Ky. 370.

Without reciting the testimony, we find it amply sufficient to show that the two junior patentees above mentioned and their successors acquired title to the land in controversy by adverse possession, which ripened long before the filing of the forfeiture proceedings by the Commonwealth's attorney, as relator for the Commonwealth, and under the express provisions of the statute that adverse title was not affected by the judgment of forfeiture; nor did it pass by the sale made by the master commissioner and was not, therefore, acquired by plaintiff's vendor under his purchase at the Commissioner's sale. Plaintiff, therefore, having failed to establish his title, under a well settled principle of law, needing no authorities to establish it, was not entitled to recover, though defendant failed to manifest any right or title in himself.

A second reason supporting the action of the court, in directing a verdict for defendant and in dismissing the petition, grows out of the provisions of section 4076g, *supra,* which in part says: "All title and claim proceeded against under this article and forfeited to, and vested in, the Commonwealth and not purchased back by the owner or claimant thereof, as authorized in section 4 (4076e) hereof, whether such forfeiture be for past delinquencies or for future delinquencies as authorized under section 10 (4076k) hereof, shall be, and is hereby, transferred to, and vested in, any person for so much thereof as such person, or those under whom he claims, has had the actual adverse possession for five years next preceding the judgment of forfeiture, under claim, or color of title, derived from any source whatsoever, and who, or those under whom he claims, shall have paid taxes thereupon for the five years in which such possession may have been of may be held."

Again stating our conclusions from the evidence, without reciting it, we think it suficient to show that plaintiff brings his title within the conditions stated in that section, *i. e.,* that there was no purchase back of any forfeited title by the owner or claimant under the patent as is authorized by section 4076c of the statute, and that he and those under whom he claims adversely held the land and paid the taxes thereon for more than five years immediately preceding the judgment of forfeiture, and by the terms of the statute the forfeited title (conceding it to

be one which could be forfeited), to the portion of the land claimed by him was immediately transferred to and vested in him, and it could not and was not divested by the sale made by the master commissioner, under which only, as we have seen, plaintiff attempts to assert title.

It follows that plaintiff acquired no title to the controverted land under the forfeiture proceedings, or by virtue of any deed executed pursuant thereto, and the judgment so holding is affirmed.