**PEN–KEN GAS & OIL CORPORATION v.
WARFIELD NATURAL GAS CO.**

No. 9334.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1943.

Rehearing Denied Aug. 31, 1943.

See, also, 2 F.R.D. 355.

Gilbert F. Wagner, of Chicago, Ill., for appellant.

Harold A. Ritz, of Charleston, W.Va. (Dysard & Dysard, of Ashland, Ky., Wells & Wells, of Paintsville, Ky., and S. S. Willis, of Ashland, Ky., on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, plaintiff below, in its complaint alleged that it was the owner of a parcel of real estate lying in the counties of Knott, Floyd and Pike in the Commonwealth of Kentucky, consisting of approximately 300,000 acres and that its title to said lands grew out of an original grant issued February 16, 1797, to Benjamin Haskell by the Commonwealth of Virginia, and that beginning in 1930 and ever since, appellee, the Warfield Natural Gas Company, had illegally entered on said lands and drilled gas and oil wells and built thereon pumping stations and other structures and removed therefrom large quantities of natural gas of the fair market value of $70,466,900.00 and that appellee had ejected appellant from said lands. Appellant prayed for the possession of the real estate and that it recover of appellee, $70,466,900.00 in damages for its trespass. Appellee answered and set up eight affirmative defenses, among which it alleged that the Haskell patent which was the foundation of appellant's title was forfeited to the Commonwealth of Kentucky, under the Acts of the General Assembly, 1906 Session, c. 22, art. 3, p. 115, by a judgment of the Pike Circuit Court of the Commonwealth of Kentucky, entered February 20, 1908, in the case of Commonwealth v. Eastern Kentucky Coal Lands Corporation which judgment was affirmed by the Court of Appeals of Kentucky, 111 S.W. 362, and by the Supreme Court of the United States, 219 U.S. 140, 31 S.Ct. 171, 55 L.Ed. 137.

It further alleged that appellant had no right, title or interest in the properties described in the petition.

After appellee filed its answer, it invoked the summary procedure of Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the motion being based on each of its affirmative defenses. Appellee filed in support thereof a complete transcript of the record from the Supreme Court of the United States in the case of Eastern Kentucky Coal Lands Corp. v. Commonwealth, which was a transcript of the record from the Court of Appeals of Kentucky in the same case, affirming the judgment of the Pike Circuit Court forfeiting to the Commonwealth the lands covered by the Haskell grant.

Appellee also filed a map showing the boundaries of the lands as claimed by appellant which coincided with the boundaries in the Haskell grant, and two affidavits of John D. Thomas, stating that he had checked the records of Pike and Knott Counties, Kentucky, from 1901 to 1940 and found no record of any assessment of the Haskell grant, except in 1905 on the nonresident assessment book of Pike County, a fragmentary reference to one Charles Seldon, as being assessed for 15,000 acres with a marginal notation of B. Haskell. Thomas also filed copies of the deeds of February 26, 1931, and of June 30, 1931, under which appellant claims to have acquired title. He filed copy of a map found in the office of the Pike County Clerk, showing that the old Haskell grant was subdivided and sold in Buchanan County,

Virginia. Appellee also filed affidavit of Gomer C. Sturgill, Tax Commissioner of Floyd County, stating that from 1917 to 1940 no one listed or paid taxes on any of the lands covered by the Haskell grant under the name of its alleged owners.

Appellant filed a motion to strike appellee's motion and all papers and affidavits in support thereof and a counter motion for a summary judgment and in support of this motion, appellant filed a certified copy of the assessment roll of Pike County showing that the part of the Haskell grant lying in Pike County was duly assessed for taxes in the years 1903, 1904 and 1905. It also filed the affidavit of Nels T. Arvidson in which he stated that he had seen duly issued tax receipts evidencing the payment of taxes on the Haskell grant in Pike County, covering the years from 1895 to 1908 inclusive and which tax receipts, with the exception of the year 1900, were in the possession of one of three people, no one of whom he had been able to locate but if given a reasonable time, he could produce the receipts. Arvidson had in his possession and filed with his affidavit a tax receipt issued by the Sheriff of Pike County evidencing the payment of taxes on the Haskell grant for the year 1900.

Appellant also filed the affidavit of J. J. Johnson who stated that he had made a careful examination of the records and files of the Pike County Circuit Court Clerk's office for the purpose of ascertaining whether there had been any sales of the lands covered by the Haskell grant for non-payment of taxes for the years 1900 to 1906, both inclusive, and that he had found nothing in the record showing such sales. This affiant further stated that he had examined the tax records in the Auditor's office of the Commonwealth of Kentucky and that they showed that taxes upon the lands of the Haskell grant lying in Pike County were paid for the years 1903, 1904 and 1905 and he filed with his affidavit an attested copy of the records of the Auditor's office showing these payments.

Appellant also filed the affidavit of Roy C. Holbrook who stated that he had made a careful examination of the deed books in Pike, Floyd, Knott and Letcher Counties, Kentucky, for the purpose of tracing the record title in these counties to the lands of the Haskell grant and that he had also examined the tax assessment rolls in Pike County, Kentucky, and found thereon notations showing that the lands of the Haskell grant were assessed in that county for taxes in the year 1905 in the names of Robert H. Boyd, Wilson H. Wilson and Marie A. Taylor, and that it was assessed for the years 1903 and 1904 inclusive, in the names of Charles Seldon, Robert Boyd and Marie A. Taylor. This affiant filed with his affidavit certified copies of the assessment rolls of Pike County, showing these assessments. This affiant also stated that he had examined all of the records commencing with the year 1878 to and including 1933 of Sheriff's land sales for taxes in Pike County, Kentucky, and that there was no recordation therein of sales of the Haskell tract by the Sheriff of the County for taxes for any of these years.

This affiant also stated that he had made a careful examination of the delinquent tax book in the Sheriff's Office for Pike County for the years 1901 to 1907 inclusive, and that there was no record of any delinquency in the payment of taxes on the Haskell grant for any of these years in that County and that he also examined the records of the Pike County Commissioner's report of land sales from 1859 to 1919, inclusive, and that there was no recorded sale of the Haskell grant, or that of any grantee or grantor in the chain of title of appellant in the Commissioner's report; that he had examined the records in the Pike and Floyd County Courts of Miscellaneous Instruments and also the deed indexes in these counties and that he found no record of any forfeiture sale of the Haskell grant or any record whatsoever in said books of the judgment in the case of Commonwealth of Kentucky v. Eastern Kentucky Coal Lands Corporation entered in the Pike Circuit Court, June 3, 1907.

This affiant further stated that he had made a careful examination of all the records of Pike and Floyd Counties in which the law of the Commonwealth of Kentucky requires the entry of sales of land for non-payment of taxes or their delinquencies and in none of these records was there any entry showing that the owners of the Haskell grant had failed to list these lands for taxation or that any part of them had been sold for the nonpayment of taxes, but on the contrary that the appropriate records showed that said lands had been listed and assessed for taxes for the years from 1900 to 1906 inclusive, and these records also showed that the taxes had been paid on these properties for the years from 1900 to and including 1906.

Based on the exhibits and affidavits, the trial court sustained appellee's motion for a summary judgment and found as a fact that the judgment of the Pike Circuit Court in the case of the Eastern Kentucky Coal Lands Corporation v. Commonwealth, Ky., 111 S.W. 362, affirmed by the Supreme Court in 219 U.S. 140, 31 S.Ct. 171, 55 L. Ed. 137, forfeiting the lands embodied within the Haskell grant to the Commonwealth of Kentucky was valid in all particulars and that appellant and its predecessors in title had no interest in the lands covered by the grant.

Appellant is here insisting that under the state of the record, the court was without jurisdiction to enter a summary judgment dismissing appellant's petition on the above ground.

■ Rule 56 is a procedural device for the disposition of cases in which there is no material issue of fact and its purpose is to eliminate the formal trial of cases where only questions of law are involved.

■ The court is authorized under the plain provisions of this rule to summarily determine whether or not a bona fide issue of fact exists between the parties to the action. A determination by the court that such issue is presented makes the rule inoperative. On the other hand, if the pleadings or other proof of either of the parties disclose that no real cause of action or defense exists, the court may determine that there is no issue to be tried by a jury and may grant a summary judgment.

■ Subparagraph (c) of the Rule provides that the summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The rule does not provide any method for exactly determining the presence of an issue of fact, and so each case depends upon the facts peculiar to it. Speaking in general terms, the court is not authorized under the rule to try issues of fact but it has the power to penetrate the allegations of fact in the pleadings and look to any evidential source to determine whether there is an issue of fact to be tried.

■ The rule should not be used by the court for the trial of disputed questions of fact upon affidavits, but when it is invoked by either party to a case and a showing is made by the movant, the burden rests on the opposite party to show that he has a plausible ground for the maintenance of the cause of action alleged in his complaint, or if a defendant, that he has a ground of defense fairly arguable and of a substantial character.

As we view the record in the case at bar, there is some slight conflict in the affidavits and exhibits as to incidental matters, but none as to the essential facts relating to appellee's defense which the trial court found to be valid.

Appellant seeks to vacate the judgment of forfeiture in the case of Eastern Kentucky Coal Lands Corporation v. Commonwealth, supra, on the following grounds: (1) That the court lacked jurisdiction because Robert A. Boyd, one of the owners of the Haskell grant, was named in the body of the petition but not made a defendant in the caption or prayer of the petition or in the warning order by giving constructive or publication notice to unknown owners; (2) That the petition filed in the forfeiture proceedings was not posted or published at the court house door of the Pike County Circuit Court as required under the statute; (3) That the petition in the forfeiture proceedings was not certified by the Clerk and the summons annexed and served upon the non-resident defendants as required by Section 56 of the Civil Code of Practice of the Commonwealth of Kentucky; (4) That the decree of forfeiture was not recorded in the deed book of the county where the land, or part of it, lay as required by the statute; (5) That the Statute of the Commonwealth of Kentucky under which the forfeiture proceedings were had was repealed before the forfeiture suit was concluded; (6) That the Commonwealth of Kentucky has admitted that the forfeiture judgment entered in the Pike County Circuit Court was void, by instituting a new action seeking the same relief as in the earlier action in the Floyd County Circuit Court; (7) That all taxes due the County of Pike and the Commonwealth of Kentucky on the Haskell grant were in fact paid for three years of the five-year period from 1901 to 1905 inclusive.

The details of the Statute (Acts of General Assembly of the Commonwealth of Kentucky, 1906 Session, page 115) are fully set out in 219 U.S. 140, 31 S.Ct. 171, 55

L.Ed. 137, and 127 Ky. 667, 106 S.W. 260, 108 S.W. 1138, and its objects and purposes are fully discussed in the Kentucky case. We will not repeat the details and purposes of this statute except to make plain the issues here discussed.

Appellant's contention that the Pike Circuit Court was without jurisdiction in the forfeiture proceeding because Robert A. Boyd, one of the owners of an interest in the Haskell grant, was named in the body of the petition as an owner, but not as a defendant in the caption or the prayer of the petition, has no support in the record. It is alleged in the forfeiture petition that by deed dated March 20, 1902, recorded in Deed Book 24, page 54, Pike County Court Clerk's Office, Robert A. Boyd, claiming through mesne conveyances under the same grantor as the defendant Seldon, conveyed said entire tract to the defendant, Robert Fletcher Rogers, of New York City, and that the records do not show that said Rogers has at any time conveyed the same, or any part thereof, or any interest therein, to any person whomsoever; and that said Robert Boyd, by deed of mortgage dated September 28, 1894, recorded in Deed Book 12, page 548, conveyed the same to defendant, Vidantees B. Edwards, Trustee, Washington, D. C., which said mortgage has not been released of record.

There is no showing in the record that Boyd had any interest in the land at the time of, or subsequent to, the commencement of the forfeiture action. It was alleged in the petition that the Commonwealth's Attorney did not know the names of other claimants to the Haskell tract than those specifically designated but all other claimants were named as unknown defendants. This was a compliance with the statute in all particulars so far as bringing the parties defendant before the court.

Section 3 of the Forfeiture Act (Acts of General Assembly of the Commonwealth of Kentucky, 1906 Session, page 119) provided that the forfeiture suit should be instituted "in the name of the Commonwealth of Kentucky as plaintiff against said tract of land, and the owners or claimants of said land as defendants, naming them if their names are known to him, and if their names are unknown to him, designating them as the unknown owners and claimants thereof, for the purpose of declaring the title or claim of said defendants forfeited to this Commonwealth, and selling same."

The Act also provided in Section 4 (Acts of General Assembly of the Commonwealth of Kentucky, 1906 Session, page 121), for the redemption of land forfeited to the Commonwealth, and recites that before or during the term of the Circuit Court next succeeding the term at which the forfeiture judgment was entered, any of the defendants in privity with the title so forfeited may redeem the same in the manner pointed out in the Section by the payment of taxes and penalties. Boyd, if the owner of an interest in the land in question, was one of those who could have redeemed the land under this Act because he would fall within the classification of unknown owners or claimants. Kentucky Coal Lands v. Baker, 155 Ky. 344, 159 S.W. 943. In our opinion, appellant has made no showing here that Boyd was either a proper or necessary party to the original action.

Section 3 of Article 3 of the Act in question required notice to be given of the pending forfeiture action if non-resident or unknown owners were made parties to the proceedings, "by posting a copy of the petition at the front door of the court house, which shall be done by the clerk immediately after the petition is filed, and he shall show by endorsement upon the original petition the time at which said copy was so posted."

The original record of the Pike County Circuit Court in the forfeiture proceedings and the copy of the record as filed in the Court of Appeals of Kentucky were lost before this action was instituted and no part of the original record is filed herein. In the record from the Supreme Court of the United States, to which the original forfeiture action was appealed, there appears on the back of the copy of the original petition, the following:

"Filed June 3, 1907
 J. B. Polley, Cl'k
 By A. D. Cline, D. C.
Pike Circuit Court. No. ....... Petition in Equity. Commonwealth of Kentucky v. Eastern Kentucky Coal Lands Corporation, and Others. Petition filed ...... day of ......, 1907, and immediately I posted copy of petition and exhibits thereto attached, at front door of the Court House in Pikeville, Ky., at .... o'clock ...m., on said day. Summons and one copy to Pike county. Summons and one copy to

Jefferson county. Warning order made on petition. .........., Clerk."

There also appears in the record, in the report of the warning order attorney, the following statement: "In accordance with the provisions of said Article, there is posted at the front door of the Court House in Pikeville, Kentucky, a copy of said petition and all exhibits."

From these facts appellant argues that the judgment of forfeiture is void because no copy of the petition was posted at the front door of the court house of Pike County as required under the Act.

It is a settled rule of statutory construction in the Commonwealth of Kentucky that in all proceedings upon a constructive service, the provision of the Code of Practice or the statute regulating the same must be literally followed; nothing short of a substantial compliance with every prerequisite will give the court jurisdiction in such cases. The record must show upon its face that the provisions of the Code or statute have been substantially complied with, or the judgment will be treated as void and inoperative. Moorman v. Taylor, 285 Ky. 347, 147 S.W.2d 1021.

The facts upon which appellant relies fall far short of showing that notice of publication in compliance with the statute was not had. The most that is shown by the evidence is that the clerk failed to fill in the blanks in the certificate showing that a copy of the original petition had been posted. There is nothing in the record unequivocably showing that the Clerk did not make the entry on the original petition as required under the statute. This could be shown positively only by a production of the original petition. Certainly the recital of the warning order attorney in his notice to non-resident defendants that the petition had been posted as required under the statute is some evidence that it was so posted. The record shows that many of the defendants appeared in the action, participated in the trial and filed special and general demurrers and answers and none raised any issue as to the failure of the clerk to post the notice as required. The petition as filed provided for the posting of notice.

There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done until the contrary clearly appears. When a collateral attack is made on a judgment, the court will presume that all proceedings in the original action necessary to sustain the validity of the judgment, were regular. The rule in Kentucky upon this subject is that if the record is ancient and does not affirmatively show all that was done, the presumption is that the things not shown to have been done that should have been done, were done, and where there are omissions the judgment on collateral attack will be treated as erroneous, but not void. Baker v. Baker, Eccles & Co., 162 Ky. 683, 694, 173 S.W. 109, L.R.A.1917C, 171.

The case at bar was commenced May 9, 1940. The judgment which the appellant seeks to void was rendered February 14, 1908. After a lapse of thirty-two years, appellant asks the court to declare the judgment of forfeiture void and restore to it the land that has long since passed to others under the forfeiture decree on the ground that a statutory notice was not posted. It would be trifling with justice now to take the land away from those who acquired title to it through the decree of forfeiture and give it to appellant freed from the Commonwealth's claim against appellant and its predecessor in title for thirty-two years' taxes on such an issue. However, accepting literally appellant's contention, it still must fail. The forfeiture proceeding was purely one in rem. The action was directed against the land itself. There was no attempt to fasten a personal liability upon the parties concerned. The jurisdiction of the court was dependent on the form and nature of the process provided in the statute. Under the facts, the process was afflicted with no more than irregularity.

A distinction is to be made between a case where there is no service and one in which the service is defective or irregular. In the first case, the court acquires no jurisdiction and its judgment is void. In the other case if the court either expressly or impliedly holds the service to be sufficient and renders judgment thereon, such judgment is not void but only subject to be set aside by the court which gave it upon seasonable and proper application, or reversed upon appeal. In our opinion, the facts in the case at bar show only an irregularity in the service of the constructive process and cannot be availed of for the purpose of making a collateral attack upon the judgment. Wilson v. Teague, 95 Ky. 47, 23 S.W. 656; Payne v.

880

Johnson's Ex'rs, 95 Ky. 175, 24 S.W. 238, 609; Harrod v. Harrod, 167 Ky. 308, 180 S.W. 797; Wallace v. Lackey, 173 Ky. 140, 190 S.W. 709; Thompson v. Thompson, 226 U.S. 551, 556, 33 S.Ct. 129, 57 L.Ed. 347; Applegate v. Lexington & Carter County Mining Company, 117 U.S. 255, 270, 6 S.Ct. 742, 29 L.Ed. 892.

■ This conclusion is made more impressive when it is realized that an officer's return of service of process may be amended to remedy defects therein (International Harvester Co. v. Commonwealth, 147 Ky. 655, 145 S.W. 393) and such an amendment may be allowed at any time at any stage of the proceedings (Ramey v. Francis, Day & Co., 169 Ky. 469, 184 S.W. 380) even after the judgment or after the lapse of years on testimony showing the propriety of so doing or after the officer who made the return has gone out of office. Louisville, etc., Railway Company v. Commonwealth, 104 Ky. 35, 46 S.W. 207; Boyce v. Watson, 3 J. J. Marsh., Ky., 498.

Section 3 of Article 3 of the Forfeiture Act provides that in addition to the requirements of the Civil Code of Practice respecting process and service thereof, notice shall be given of the pendency of said action by posting a copy of the petition at the front door of the court house.

The court, pursuant to Section 57 of the Code of Civil Practice, entered an order for the appointment of a warning order attorney for each of the non-resident defendants named in the petition and also for all unknown claimants and such attorney was duly appointed and filed his report as required under Section 58. Section 56 of the Code provides that if a defendant be out of the state, the plaintiff may take a copy of the petition, certified by the clerk, with a summons annexed thereto, warning him to appear and answer to the petition in sixty days after the same shall have been served on him, and may cause a copy thereof to be delivered to such defendant by a person to whom he is personally known.

Proof of the delivery shall be made by the affidavit of the person making it, indorsed on the certified copy and summons, in which time and place of delivery and the fact that the defendant was personally known to the affiant shall be stated.

Appellant insists that Section 56 applies exclusively when the name and address of the non-resident defendant is known and Section 57 applies only when the name or the address of the non-resident defendant is unknown. It further argues that as a prerequisite of the jurisdiction of the court in the forfeiture proceedings over the known defendants a literal compliance with Section 56 was required and, as the record shows on its face that there was no such compliance, the court acquired no jurisdiction over the interest in the lands owned by the known non-resident defendants. We do not believe the Code provisions are susceptible to appellant's construction.

Sections 56 and 57 of the Code are found in Chapter 2 which is divided into two articles, the first of which provides for actual service of summons and the second for constructive service. Article 1 names the persons who may serve a summons, the manner of serving, the form of the return and the method to be followed in serving various individuals and corporations and among the latter is the provision contained in Section 56 for service out of the state.

Article 2 provides for constructive service by warning order and among those named who may be served in this manner are non-residents of the state believed to be absent therefrom. Similar provisions were found in the Code of 1877.

■ The issue here involved has never been squarely presented to or decided by the Court of Appeals of Kentucky, but the Bar of Kentucky has always construed the two sections of the Code to provide alternative methods of constructive service. The fact that the issue has not been decided by the Court of Appeals is strong support for the position that the methods are alternatives. A practice so long and so general would of itself furnish strong ground for such a construction. Northern Bank of Kentucky v. Hunt's Heirs, 93 Ky. 67, 19 S.W. 3.

■ The two sections do not provide for precisely the same thing, nor are they in conflict with each other. If service is had under Section 56, the necessity of appointing a warning order attorney before judgment as provided in some actions where constructive service is had, is avoided and after service under Section 56, a judgment may be rendered subjecting any property of the defendant so brought before the court whether defendant be a non-resident or absent defendant. Young's Trustee v. Bullen, Ky., 43 S.W. 687. This is not true in all cases under Section 57.

■ Section 56 provides for a summons and Section 57 provides for a notice

more in the nature of a rule. Northern Bank of Kentucky v. Hunt's Heirs, supra. Section 56 also requires plaintiff to have the process served by a person to whom the defendant is personally known and the server must swear to his return before an officer who must certify that he knows the affiant and that he personally knows him to be worthy of credit. No such requirement is found in Section 57.

In many cases it might be impossible for a plaintiff to comply substantially with Section 56. There is no provision of the Code which expressly requires a plaintiff to resort to Section 56 in lieu of Section 57.

Section 58(2) provides that no warning order shall be made on the grounds mentioned in Section 57(2) unless the affidavit for the order states in what country the defendant resides and the name of the place wherein a post office is kept nearest to the place wherein the defendant resides or may be found, unless the affidavit states that the affiant is ignorant of these facts. It will be noted from the language of the Code in pari materia that Section 57 is intended to apply to both known non-resident defendants with known addresses and non-resident defendants, whose addresses, names or places of abode are unknown.

There is nothing in the Code from which an inference might be drawn that it was the intention of the Legislature to make Section 56 applicable to one type of case and Section 57 applicable to another. Except where a Code provision requires that a method of procedure prescribed by it shall be exclusively pursued, the question of whether two Code provisions on the same subject are exclusive of each other depends primarily upon the intention of the Legislature as shown by a construction of the statutes prescribing the methods.

The Code provisions here in question contain no statements, express or implied, that one method of procedure for bringing non-resident defendants before the court is exclusive of the other. As we view these provisions, the Commonwealth in the forfeiture suit had the right to resort to either Section 56 or 57 to place the property sought to be forfeited within the jurisdiction of the court and as the Commonwealth literally complied with the provisions of 57, appellant's contention is without merit.

Section 4 of Article 3 of the Forfeiture Act provides that certified copies of the judgments of the Circuit Court under Sections 3 or 4 shall be recorded in the deed book of the county where the land or any part thereof lies and indexed as deeds are required to be indexed. Appellant, relying on the affidavit of Roy C. Holbrook in which he stated that he had examined the deed indexes in Pike and Floyd Counties, Kentucky, and found therein no record of the recording of the judgment of forfeiture of the Haskell grant and no record whatsoever in said books of the case of Commonwealth v. Eastern Kentucky Coal Lands Corporation, insists that the judgment of forfeiture was not recorded as provided under the statute; and that therefore the original judgment was avoided or abandoned by the Commonwealth.

The testimony of Holbrook was not the best evidence of the contents of the records to which he referred. Where there is a mass of records to examine, the law does not require production of certified copies of all of them to prove the negative fact that a deed or a certain judgment cannot be found. Such proof may rest in parole as a matter of necessity, but in the case at bar there should and could have been furnished the testimony of the custodian of these records. Holbrook stated only that he had examined the deed indexes in Pike and Floyd Counties and found no record there of the forfeiture judgment. He made no statement as to the dates his examination covered or what, if any, of the books were missing.

Appellant's evidence on this point creates no more than a suspicion and leaves the matter in doubt. Such evidence is insufficient to prove clearly that the judgment was not in fact recorded as required under the statute. Shackelford v. Miller, 39 Ky. 273; Segal v. Reisert, 128 Ky. 117, 107 S.W. 747; Goosling v. Varney's Trustee, 268 Ky. 394, 105 S.W.2d 178; Bemis v. Becker, 1 Kan. 226; Norris v. Russell, 5 Cal. 249; Nelson v. Jones, 245 Mo. 579, 151 S.W. 80; Sykes v. Beck, 12 N.D. 249, 96 N.W. 844; Osmak v. American Car & Foundry Co., 328 Mo. 159, 40 S.W.2d 714, 77 A.L.R. 722; Dixon v. Patterson, 135 Ga. 183, 69 S.E. 21.

Secondary evidence of the non-occurrence of a recorded event which should have occurred thirty years ago is to be received with caution and then not until every means has been exhausted to secure superior evidence. It is a common occur-

rence in Kentucky for indexes to deeds to become worn out or lost after the lapse of long periods of time.

There is another view of this issue which is equally conclusive against appellant. The requirement that the judgment of forfeiture be recorded does not constitute an integral part of the judgment. The recordation is a ministerial act, the purpose of which is to give notice to innocent prospective purchasers and it may be performed at any time. The failure to record does not make the judgment void. In re Worthington, 30 Fed.Cas. page 641, No. 18,051, 7 Biss. 455. Before a person may complain of the failure to record, he must show that he is prejudicially affected. There is no showing by appellant that it was in any way prejudiced by the alleged failure to record the judgment or that it was an innocent purchaser of the lands in question. Purchasers are chargeable with notice of judgments in the chain of title. Smith v. Graf, 259 Ky. 456, 82 S.W.2d 461.

Appellant did not become a successor in title to the defendants in the forfeiture suit until approximately thirty years after the judgment in that action had been entered and as we have heretofore pointed out, the judgment was not void for failure to record it. After the judgment was entered appellant voluntarily purchased property affected thereby and it is no more than an intermeddler and under such circumstances, appellant is in no position to complain of the failure to record. Foster v. Mansfield, etc., Ry. Company, 146 U.S. 88, 101, 13 S.Ct. 28, 36 L.Ed. 899; Freeman on Judgments, § 91; Ætna Insurance Company v. Aldrich, 38 Wis. 107.

The record of the forfeiture suit in evidence ends with the mandate of the Supreme Court. In the judgment it is decreed that said title and claim thereto "is now transferred to and vested in the Commonwealth." So far as the evidence shows, no further proceedings were had in the case.

A judgment under Section 3 of the Act forfeits the lands to the Commonwealth. Section 4 provides that before or during the term of the Circuit Court next succeeding the term at which a judgment of forfeiture may have been entered, any of the defendants in privity with the title so forfeited, may by judgment of the court reacquire title to the property by meeting specific conditions enumerated in the statute, one of which is that such defendant shall pay a sum equal to the amount of the unpaid taxes charged and those that should have been charged against said defendant and those under whom he claims as owner or claimant of said lands for the past fifty years, together with interest thereon at the rate of fifteen per cent per annum from the time the unpaid taxes found to be due remained unpaid, and also the cost of the proceedings, including a reasonable attorney's fee for the Commonwealth's Attorney all to be found by the court.

Section 4 further provides that if the claimant does not satisfy the judgment, the court shall dispose of the property as provided in Sections 6 and 7 of the Act. Section 6 provides that the lands not purchased back by the owner or claimant as authorized in Section 4 shall vest in any person for so much thereof as such person or those under whom he claims has had the actual adverse possession for five years next preceding the judgment of forfeiture under claim or color of title derived from any source whatever and who, or those under whom he claims, shall have paid taxes thereupon for five years in which such possession may have been or may be held, and in those in privity with such person, his heirs, representatives or assigns, as to mineral rights, or other interests or rights in or appurtenant to such land. Section 7 of the Act provides that all land forfeited and not purchased back by the owner or claimant as provided in Section 4 and not vested in the occupant as provided in Section 6 shall be sold for cash by the Commissioner of the court to the highest and best bidder.

The Legislature of the Commonwealth of Kentucky in 1938 (Acts of General Assembly, Commonwealth of Kentucky, 1938, 1st Special Session, ch. 21) repealed all of the statute here in question. Appellant urges that as the Pike County Circuit Court in the forfeiture judgment stated therein, "All other questions not herein specifically adjudged are reserved for further adjudication," and as the record shows that no sale was had of the forfeited lands under Section 7 of the Act, the judgment of forfeiture became null and void, because it was not concluded prior to the repeal of the Act. Appellant relies on the well-settled rule that if a statute giving a special remedy is repealed without

a savings clause in favor of pending suits, all suits must stop where the repeal finds them and if final relief has not been granted before the repeal went into effect, it cannot thereafter be granted. State of South Carolina v. Gaillard, 101 U.S. 433, 438, 25 L.Ed. 937. This rule has no application to the case at bar.

Under the plain terms of the Statute, the judgment of forfeiture was divided into two elements, (1) Under Section 3 on the entry of the judgment the title to the lands became vested in the Commonwealth; (2) Under Section 4, the title reinvested in an owner or claimant who was a defendant in the action, provided he instituted his counterclaim before or during the term of the Circuit Court next succeeding the term at which the forfeiture was entered and under Section 6 the forfeited property described in the judgment passed to those, if any, in actual adverse possession thereof for five years or more preceding the judgment.

No sale was required under Section 7 if the reversion took place under Section 4, or title passed under Section 6. As we have heretofore had occasion to point out, on a collateral attack, all presumptions are in favor of the jurisdiction of the court, the regularity of its proceedings and the validity of the judgment and before a judgment will be collaterally set aside, the ground on which the attack is made must be supported by clear, satisfactory and convincing evidence to the exclusion of every fact which would support it.

For all that appears from the record in this case, all of the property described in the original judgment may have passed to adverse claimants. Besides this, appellant's title is derived through those who were defendants in the original proceedings and its rights and those of its predecessors in title to obtain a reversion of title under Section 4 expired according to the terms of the statute many years before it was repealed and the part of the judgment forfeiting the lands to the Commonwealth had become final. There is no evidence in the record that any of the defendants undertook to recover the lands under Section 4.

Appellant urges that at the time the statute was repealed, the defendants in the original action were entitled to receive the residue after the payment of taxes, interest, penalties and costs of the proceeds of the sale, under Section 7 of the Act, and that the rights of the parties to bid at the judicial sale or to participate in the proceeds were still extant under the judgment, and that this left the matter unfinished and as a result thereof the forfeiture proceedings were obliterated by the repeal of the Act.

We find it unnecessary to decide the merits of this question. It is too well settled to need citation of authority that a mere right to bid at a judicial sale or to participate in surplus funds arising therefrom does not pass to the successors in title of a defendant who has such a right where such right is not specifically conveyed to successors. United States v. Loughrey, 172 U.S. 206, 212, 19 S.Ct. 153, 43 L.Ed. 420. Appellant had no interest in the right to bid at the judicial sale, nor any interest in the surplus funds. The repeal of the statute restored to appellant no rights it had under the judgment as successor in title to the defendant and it has no interest in this question. Causes of action are limited to persons whose legal rights have been affected. Ex parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493.

The Commonwealth of Kentucky, through the Commonwealth's Attorney for the Circuit, filed in the Circuit Court of Floyd County, Kentucky, on January 3, 1941, a proceeding under Article 3 of the Forfeiture Act against appellant, the Pen-Ken Gas & Oil Corporation, Dicke Whitney Gas & Oil Company, unknown owners and claimants, to forfeit to the Commonwealth the same lands as had been forfeited to it in the earlier action in the Pike County Circuit Court.

Appellants answered and plead that the statute under which the petition was filed was repealed by an Act of the General Assembly of the Commonwealth in 1938, and further plead in bar that there was then pending in Pike County Circuit Court, but undecided, a proceeding commenced June 3, 1937, seeking the same relief. The court on final hearing overruled each of appellant's defenses and in so doing held that the Act of 1938 repealing the earlier Act violated Section 80 of the Constitution of Kentucky, because the Act was passed at an extraordinary session of the General Assembly, and the subject matter of the repeal was not included in the Governor's proclamation convening the As-

sembly as provided under the Constitution. The judgment of the court forfeited to the Commonwealth all of appellant's alleged interest in the lands.

Appellant urges that there was implicit in the Floyd County Circuit Court judgment a finding that the earlier proceeding in the Pike County Circuit Court was void and that under the rule laid down in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are bound by that decision. As we view it, there is nothing in the record supporting appellant's contention. The legislative history of the Forfeiture Act and the evils it sought to overcome are developed by Judge O'Rear writing the opinion for the Court of Appeals in the case of the Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky. 667, 106 S.W. 260, 108 S.W. 1138. As we gather from the court's opinion, Virginia land grants or patents had stifled industrial development in Kentucky and its minerals and forests could not be made available for its people until its land titles were stabilized.

The courts, under their common law and equity powers, had been impotent to overcome the chaos caused by the overlapping and conflicting paper titles to the lands of the Eastern part of the State and the Legislature proposed to use the power of the State to forfeit lands for the non-payment of taxes as a means to eliminate this evil.

 Section 1 of Article 3 of the Act made it the duty of every owner or claimant of land to list for assessment such land and to pay all the taxes assessed or those that should have been assessed on it. The Act also provided "the fact that said land has been listed for taxation, or the taxes have been paid thereon, by another claimant, shall not relieve against the duty herein imposed." In other words, the statute became operative whenever a new claimant of title to land appeared and unless he had paid all taxes legally owing on the land and those of his predecessors in title as provided by the general revenue laws of the State, such claimant immediately incurred the penalty of forfeiture which he could avoid only by paying the taxes due and unpaid as provided under the Act. The action in the Floyd County Circuit Court was directed against claimants to the Haskell grant who became such after the rights of claimants in the Pike County Circuit Court action had been forfeited.

It follows from this that there was no implicit finding in the judgment of the Floyd County Circuit Court that the earlier judgment of the Pike County Circuit Court was void.

Appellant put into the record evidence that all taxes due on the Haskell grant had been paid for at least three years of the five-year period from 1901 to 1905 inclusive, and it argues from this that the judgment of the Pike County Circuit Court is void because there was no evidentiary basis to support the complaint.

It relies on the case of Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961, 967, as authority for its collateral attack on this ground. All that is said in the Flinn case is that "it may be argued that the commonwealth had no right in 1919 to forfeit this title for failure to list this land for taxation and failure to pay the taxes thereon in that year." The court, continuing, found that there was no evidence in the record from which it could determine the issue.

 In the opinion of the Court of Appeals in the case of Eastern Kentucky Coal Lands Corporation v. Commonwealth, 111 S.W. 362, 363, the court expressly stated that it was shown by the evidence that neither appellants, nor any of the defendants, nor any of the original patentees, nor any of the persons in privity with their title, either listed the property or paid the taxes thereon for any of the years involved. It will thus be seen that the court decided the very issue which appellant seeks to raise here. The doctrine of res judicata clearly applies. The former judgment is conclusive on this point. Jeter v. Hewitt, 22 How. 352, 63 U.S. 352, 364, 16 L.Ed. 345; Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847. But, assuming that appellant could relitigate the issue, the evidence is insufficient to support its contention. There is no showing that the persons who are claimed to have paid the taxes had any privity in title with the defendants to the original action. In the case of Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky. 667, 710, 106 S.W. 260, 108 S.W. 1138, appellant contended that the Act in question was vicious and unconstitutional because it permitted the Commonwealth to extort an unlawful duplicate tax upon the same land and it was there shown, as in the case at bar, that taxes had been paid on the land in question. The court pointed out in that case that the Commonwealth had the right

to forfeit the land described in the petition unless the defendant or those in privity in title with him had assessed the land and paid all the taxes due thereon. Payment of taxes by a stranger in title to the defendant in a forfeiture action under the statute is no defense.

Lastly, appellant insists that in any event the judgment in the original action was limited to that part of the Haskell grant situated in Pike County, Kentucky, and in no way effected a forfeiture of so much of the grant as was situated in Floyd, Knott and Letcher Counties. Section 3 of the Act provides that an action thereunder shall be instituted in the Circuit Court of the County in which the land or any part thereof lies and the proceedings shall be against the tract of land. In the original petition it is stated that the tracts of land proceeded against lie wholly or partly within the County of Pike and the State of Kentucky and are more fully described in surveys and patents which accompany the petition.

The whole tract of land is generally described and that part of it located in Pike County particularly described. There is also attached to the petition, as an exhibit, a certified copy of the original patent. The prayer of the petition asks forfeiture of all the lands described therein and the descriptive part of the judgment adopts the language of the petition. The judgment is susceptible of two interpretations. Certain parts of it, standing alone, seem to confine the judgment exclusively to the lands lying in Pike County. Other parts lead to the conclusion that it was intended to cover the whole of the lands described in the Haskell grant.

Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable, effective and conclusive in the light of the facts and the law of the case.

A court's judgment must be read and interpreted in the light of what was before it and where the proceeding is purely statutory and the language of the judgment ambiguous, the statute may be looked to in aid of the judgment. As we have heretofore pointed out, the statute in question provides that an action under it must be instituted in a county where part of the land is located and the statute clearly implies that it was intended to forfeit the whole of the land if the evidence showed the owner or claimant and his predecessors in title had failed to list and pay the taxes on the entire interest in the land wherever located.

It was essential to give the Pike County Circuit Court jurisdiction that the petition disclose that some part of the land was located in that county and it is fair to assume that the draftsman of the petition in particularly describing the lands located in Pike County was stating an essential jurisdictional fact instead of expressing an intention to confine the proceedings to the lands in Pike County.

It is apparent, therefore, that the judgment in question forfeited all of the lands described in the Haskell grant, and by reason thereof appellant has no interest in them. State of Oklahoma v. State of Texas, 272 U.S. 21, 42, 47 S.Ct. 9, 71 L.Ed. 145; Decker v. Tyree, 204 Ky. 302, 264 S.W. 726. The conclusion here reached renders unnecessary consideration of all other issues raised by the parties.

Judgment affirmed.

## On Petition for Rehearing.

Appellant, in its petition for rehearing, complains of the statement in the opinion: "There is no showing in the record that Boyd had any interest in the land at the time of, or subsequent to, the commencement of the forfeiture action." Appellant urges that this statement is contradicted by the record. It is true that in the original forfeiture action plaintiff alleged: "By deed dated October 2, 1905, recorded in deed book No. 41, page 146, Pike County Court Clerk's office, one George H. Taylor of Mobile, Alabama, without exhibiting any authority other than that the statement in the deed is that he is the son of Maria Taylor, conveyed said tract of land to the defendant George H. Taylor, of Norfolk, Virginia, which said conveyance was after the execution of deed by Maria A. Taylor to one Wilson H. Jonas, under whom the said Robert Boyd Claims."

Construing the petition as a whole, we interpret this paragraph to mean that Maria A. Taylor, in her lifetime, conveyed the property to Wilson H. Jonas, therefore that George H. Taylor, her heir, had no interest in the land which he attempted to convey.

Appellant filed in this action the affidavit of Roy C. Holbrook, in which he stated that he had examined the record title to

886

the Haskell Grant and that during the years 1900 to 1906, the title to that part of the grant lying in Pike and Floyd Counties, Kentucky, was in Charles Selden and Robert A. Boyd and that each of them later conveyed his said title to Nels T. Arvidson, a grantor of appellant. In the same paragraph of Holbrook's affidavit, he states that according to the records of the Pike County Court, Maria A. Taylor on August 29, 1884, conveyed her entire interest in the Haskell Grant to Wilson H. Jonas, and that on May 23, 1894, Jonas conveyed his interest to Robert A. Boyd.

In the original forfeiture petition, it was alleged that on March 20, 1908, Robert A. Boyd conveyed his entire interest in the Haskell Grant to Robert Fletcher Rogers. It will therefore be seen that according to the record of deeds, which appellant in no way disputes, Boyd had no interest in the Haskell Grant at the time of the institution of the forfeiture action and since that time has acquired none. The statement of Holbrook that from 1900 to 1906 the title to that part of the Haskell Grant lying in Pike and Floyd Counties was in Charles Selden and Robert A. Boyd is only an expression of opinion by the affiant which statement is without record support and ignores the recorded conveyance of Boyd to Rogers.

Appellant says that we improperly applied the rule that the failure of the Clerk to note on the original petition the posting of the notice at the court house door was a mere irregularity. The reasoning of the opinion on the subject of said posting may not be comprehensive or satisfactory, but the conclusion reached is correct. As to whether the petition was posted was a question of fact. It is readily admitted that a judgment once void cannot be made valid by the lapse of time, but time may authorize the presumption of an extraneous fact which the record does not show and which was indispensable to the validity of the judgment and which the record should exhibit. It may be said in passing that the judgment in question must stand or fall by the same rules of law as any other judgment. Cooper v. Reynolds, 10 Wall. 308, 77 U.S. 308, 321, 19 L.Ed. 931; Christianson v. King County, 239 U.S. 356, 373, 36 S.Ct. 114, 60 L.Ed. 327. The fact that it decreed a forfeiture does not make it peculiar. It is true that forfeitures are not favored and one who asserts a forfeiture in support of his title carries the bur-

den of making clear proof of the loss of property in this way, but when a forfeiture is judicially decreed, the fact which brought it about merges into the judgment and whoever attacks the judgment carries the burden of showing its invalidity by clear and convincing evidence.

Appellant at the bar relies on a copy of the record thrice removed from the original. A copy of a copy compared with other evidence has many frailties, for the more remote a thing from the original, the weaker its evidential value. There is always present the possibility that an error may have occurred in the first transcription and the number of chances of error increases with each successive copy.

The same record which shows the absence of the Clerk's indorsement on the original petition, contains a statement in the report of the warning order attorney that a copy of the petition, together with all exhibits, had been posted at the court house door. The Court of Appeals of Kentucky in its opinion, stated that the owners and claimants as authorized by the statute were constructively served with process by warning order as required by the Code against non-resident and absent defendants and also by publication as required by the Act.

Fairly weighing the evidence in the record of the posting of the notice and considering the lapse of time since the judgment in question was entered and the fact that the records are lost, it seems to us that the only judicial deduction now possible is that the petition was duly posted at the court house door as required under the statute.

The case of Payne v. Johnson's Exrs., 95 Ky. 175, 24 S.W. 238, 609, cited in the opinion is a miscitation and is withdrawn.

Appellant seeks to avoid the application of the rule of res judicata to the payment of taxes by claiming that no issue was made or tried in the forfeiture case respecting the listing of the Haskell Grant or the payment of taxes on it in Knott, Floyd or Letcher Counties. A short answer to this is that appellant has made no showing in the case at bar that the grant was ever listed for assessment or any taxes paid in any one of the three counties mentioned.

Appellant urges that we fell into error in holding that a sale of the forfeited lands was not mandatory under the statute pursuant to a decree of forfeiture and that in this connection we failed to give effect to

the cases of Kentucky Union Company v. Commonwealth, 128 Ky. 610, 108 S.W. 931, 110 S.W. 398, and Davidson v. Lewis, 159 Ky. 798, 799, 169 S.W. 538.

In the Kentucky Union case, the Court of Appeals of Kentucky decided that after a final judgment of forfeiture of land under the statute here in question, the principal purpose to be served was the interest of the Commonwealth and as it might be desirable or necessary to sell only certain parts of the tract forfeited, the court should prescribe what parts thereof were to be sold and that a judgment was erroneous which authorized the sale of the tract as a whole or in parcels to suit the purchaser.

The Davidson case was an action instituted by citizens and taxpayers of Leslie County, Kentucky, seeking a mandamus against the Judge of the Thirty-Third Judicial District to require him to enter a judgment ordering the public sale of lands theretofore forfeited to the Commonwealth under the Forfeiture Statute here involved. The Court of Appeals decided that the petitioners were entitled to a sale of the whole body of land forfeited but that the purchaser would take under his purchase only so much of the land sold as had not vested in taxpaying occupants.

The concept of these two cases is that the title to forfeited lands vests absolutely in the Commonwealth at the time of the entry of the judgment of forfeiture and that the former owners or claimants who were parties to the action have no interest in the land. In the case of Bowling v. Hacker, 194 Ky. 112, 238 S.W. 369, the Court of Appeals decided that the Act with which we are concerned related only to titles held under and by virtue of the grant of, and patent by, the Commonwealth of Kentucky or by the Commonwealth of Virginia while Kentucky was a part of it, and that the statute did not provide for the forfeiture of any other title, claim or possession of the same land, although the owner or claimant of such adverse title to the grant or patent was a defendant in the forfeiture proceedings. It therefore held that under Section 7 of the Act, a forfeiture of any title provided for, which was not purchased back by the owner or claimant thereof as provided by Section 4 of the Act by operation of law, was immediately transferred to and vested in the one who by himself alone, or by himself and immediate vendors, held any part of the land claimed by, or under, any character or color of title for as much as five years immediately preceding the forfeiture, by adverse possession and who paid the taxes thereon for the same time, and that the purchaser of the forfeited title acquired no interest in the land covered by the forfeited patent to any of the land so held.

As we interpret the opinions of the Court of Appeals of Kentucky in the cases on which appellant relies, none of them decide that a sale of forfeited lands is a prerequisite to finality of the judgment in proceedings under the statute.

■ Appellant takes exception to the statement in the opinion that the testimony of Holbrook was not the best evidence of the contents of the record to which he referred and insists that the court should have adopted the rule that any person who has examined offices or records may swear and so prove matters as are not there of record. The rule is well settled that the custodian of records who has made diligent search to discover whether a writing is or is not of record and finds that it is not, may be allowed to testify to that fact, without being required to produce the record in which such fact, if any, would appear. Meyer Motor Car Company v. First National Bank, 154 Md. 77, 140 A. 34; Mannus-Dewall v. Smith, 139 Okl. 195, 281 P. 807; World Oil Company v. Hicks, Tex. Civ.App., 75 S.W.2d 905.

There is authority for the proposition that the absence of a record may be proved by any competent person who has made a search therefor. Compton v. Fender, 132 Ga. 483, 64 S.E. 475; City of Beardstown v. City of Virginia, 81 Ill. 541, but the majority of cases hold that the custodian, when accessible, is the only competent witness. Norris v. Russell, 5 Cal. 249; Nelson v. Jones, 245 Mo. 579, 151 S.W. 80; Sykes v. Beck, 12 N.D. 242, 96 N.W. 844; Osmak v. American Car & Foundry Company, 328 Mo. 159, 40 S.W.2d 714, 77 A.L.R. 722; Smith v. First Nat. Bank, 45 Neb. 444, 63 N.W. 796; Fisher v. Betts, 12 N.D. 197, 96 N.W. 132; Milbourn v. State, 168 Okl. 168, 32 P.2d 291. Compare Federal Rules of Civil Procedure, Rule 44(b), 28 U.S.C.A. following Section 723c.

■ The rule seems to prevail in Kentucky that the official custodian's testimony is required if available. Stamper v. Commonwealth, 100 S.W. 286, 30 Ky.Law Rep. 992. Under the facts of the case at bar, we

follow the Kentucky case most applicable to the decision.

The opinion is amended by striking therefrom the full sentence beginning at line 34, page 881, which reads as follows: "He made no statement as to the dates his examination covered or what, if any, of the books were missing." And also by striking all of that paragraph beginning with the word "but" in line 18, page 884, down to and including the word "defense," line 7, on page 885.

We have given careful consideration to other grounds urged by appellant for a rehearing but find them without merit.

Appellant's petition for rehearing is denied.