**BLUE BIRD MINING CO. v.<br>LITTERAL et al.**

Court of Appeals of Kentucky.

June 13, 1952.

M. B. Fields, Hazard, for appellant.

C. C. Wells, Hazard, for appellees.

CLAY, Commissioner.

This is a workmen's compensation case and presents the question of whether or not a former judgment affirmed by this Court forecloses appellant's right to have a review of a later final award of the Workmen's Compensation Board.

Appellee received an injury while employed by appellant. On his application for compensation, the Board found: (1) the parties had accepted and were operating under the Workmen's Compensation Law, KRS 342.001 et seq.; (2) the injury arose out of and in the course of employment; (3) appellee's wages justified maximum compensation; and (4) due and timely notice of the accident and injury had *not* been given appellant. On the basis of the latter finding, the claim was dismissed by the Board.

On appeal to the Knott circuit court, the Board was reversed on the ground that appellant had been given due and timely notice. The judgment entered by the circuit court provided in part:

"The defendant had due and timely notice of said accident and injury and

this Court further directs the said defendant, Workmen's Compensation Board, to render an opinion and award in this case, allowing the plaintiff the maximum compensation allowed under the Act for his disability, the extent and duration of which the said defendant, Board, will determine by the evidence introduced by both the plaintiff and the defendant as provided by the Workmen's Compensation Act of Kentucky for total and permanent loss of hearing in both ears, or a total and permanent disability to the body as a whole."

This judgment was appealed to this Court and was affirmed. Blue Bird Mining Co. v. Litteral, 314 Ky. 709, 236 S.W.2d 936. After the issuance of the mandate, appellant moved the Knott Circuit court to modify the judgment by deleting:

"of Kentucky for total and permanent loss of hearing in both ears, or a total and permanent disability to the body as a whole."

This motion was overruled, and the case was remanded to the Board. The Board found that appellee had neither the permanent loss of hearing in both ears nor a total and permanent disability to the body as a whole. However, the Board construed the judgment as requiring it to find either one or the other of these two facts, and its award was based upon total and permanent loss of hearing in both ears. This award was confirmed on appeal to the circuit court, and the present appeal is from this last judgment.

It is obvious from reading the latter part of the judgment above quoted that the reference to the extent and duration of disability had no proper place therein. The court could not properly make this finding of fact upon which no evidence had been heard, or direct the award to be entered. See Black Motor Co. v. Spicer, 290 Ky. 111, 160 S.W.2d 336. The judgment was either erroneous or ambiguous, or both.

It is the contention of appellee that the part which appellant moved to strike constituted no more than error in the judg-

ment. He therefore contends that even if it was erroneous, since the question could have been raised on the former appeal, the affirmance of the judgment confirmed it as the law of the case.

On the other hand, appellant takes the position that the judgment is ambiguous and that its true meaning appears in the earlier part of the paragraph quoted. It there provides that the Board shall make an award for disability, "the extent and duration of which the said Board will determine by the evidence introduced * *." The questioned language was surplusage which could be considered as simply descriptive of the Workmen's Compensation Act.

It is plainly evident that the only question presented to the circuit court and to this Court in the original appeals was whether or not the employer had been given due and timely notice. The nature and extent of disability had not been considered by either the Board, the circuit court or this Court. The language which crept into the judgment with respect to this matter was obviously inadvertent and unnecessary. If it had any meaning, it was inconsistent with the ruling of the court plainly set forth by other parts of the judgment. As said in Pen-Ken Gas & Oil Company v. Warfield Natural Gas Company, 6 Cir., 137 F.2d 871, 875, 885:

"Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable, effective and conclusive in the light of the facts and law of the case."

Interpreting the judgment in the light of its purpose, the record, and the decision upon which it was based, we must reject the ambiguous language as ineffective. It did not constitute the law of the case, and the Board should have based its award upon its own independent finding concerning the extent and duration of disability.

The judgment is reversed with directions to remand the case to the Workmen's Compensation Board for the entry of an award consistent with its findings of fact.