Kirby
<br>vs.
<br>Jacobs.

---

## Kirby *vs.* Jacobs.

Chancery.

### ERROR TO BOURBON CIRCUIT.

Case 24.

Judge Crenshaw delivered the opinion of the court.

January 4.

After a lapse of twenty years, the chancellor will not grant relief to a purchaser for a deficiency in land conveyed.

On the 21st day of April, 1825, Richard Kirby conveyed to William Jacobs a tract of land, supposed to contain one hundred acres; and on the 22d day of August, 1850, being more twenty-five years from the day of the conveyance, this suit in chancery was instituted to recover from Kirby for an alleged deficiency in the quantity of land. According to the survey, made under an order of court, the boundary, as run by the surveyor, falls short of one hundred acres, by more than fourteen acres. The consideration paid for the whole tract by Jacobs was $1,750, being an average price of $17 50 cents per acre; and the circuit court rendered a decree against Kirby for $253, and upwards, on account of the deficiency in the quantity of land, with interest from the date of the deed.

Case stated.

It was erroneous to give interest from the date of the deed of conveyance, even if the complainant was entitled to any decree at all for the deficiency. (*Grundy's heirs, &c.* v. *Grundy, &c.* 12 B. Monroe, *and the authorities there cited.*) But the complainant was en-

After a lapse of twenty years, the chancellor will not grant relief to a purchaser for a deficiency in land conveyed.

titled to no decree. The deficiency, if one existed, could have been, and ought to have been, discovered, at any rate, within twenty years, and his claim made known within that time at least. The vendor, and his executor, having slept upon their rights for more than twenty years, they awakened too late to claim relief. That twenty years are a bar to relief in such a case has already been decided during the present term of this court.

Wherefore the decree is reversed, and the cause remanded, with directions that the bill be dismissed.

*Davis*, for plaintiff; *Harlan* and *J. H. Daviess*, for defendant.