George H. TAYLOR et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 15, 1957.

Rehearing Denied June 21, 1957.

H. V. Forsyth, Ashland, Alexander H. Sands, Littleton M. Wickham, Richmond, Va., for appellants.

Burnis Martin, Prestonsburg, Jo M. Ferguson, Atty. Gen., Hugh Hollingsworth, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

In 1941 the Commonwealth brought an action in the Floyd Circuit Court, under K. S. §§ 4076b to 4076k (since repealed), to forfeit for nonpayment of taxes the title or claims of persons to a tract of 300,000 acres lying in Floyd, Pike, Knott and Letcher Counties, under the Haskell Patent of 1797. The Pen-Ken Gas and Oil Corporation and the Duke-Whitney Gas and Oil Company were named defendants, and all unknown owners or claimants also were made defendants. Judgment of forfeiture was entered, but no sale was adjudged as contemplated by K.S. § 4076h.

In 1955 George H. Taylor and his sisters, professing to have been owners under the Haskell Patent and therefore included within the designation of unknown owners in the action above mentioned, filed a motion in the Floyd Circuit Court to compel a sale of the land in accordance with K.S. § 4076h. The court entered an order overruling the motion, on the ground of laches. Taylor and his sisters have appealed from that order.

A full understanding of the situation, as concerns the question of laches, requires a reference to former proceedings in the Pike Circuit Court. In 1907 the Commonwealth brought an action in the Pike Circuit Court, under K.S. §§ 4076b to 4076k, to forfeit

claims under a number of patents, including so much of the Haskell Patent as lay in Pike County. (All of the Haskell Patent could have been forfeited in that action, but the pleadings and judgment designated only the portion lying in Pike County.) George H. Taylor was named as a party defendant in the action, and he appeared and defended. Judgment of forfeiture was entered, but no sale was ordered. Forty years later, in 1947, Taylor moved the Pike Circuit Court for an order of sale. The circuit court overruled the motion, and on appeal this Court affirmed, holding that Taylor was barred by laches. See Taylor v. Commonwealth, Ky., 246 S.W.2d 981.

Another action of some significance was one brought in the Federal District Court, in 1941, by the Pen-Ken Gas and Oil Corporation versus the Warfield Natural Gas Company. In that action Pen-Ken asserted title under the Haskell Patent, and maintained that the judgment in the forfeiture action in the Pike Circuit Court, in 1907, was void. The district court held that the forfeiture judgment of the Pike Circuit Court was valid, and on appeal to the Circuit Court of Appeals this holding was affirmed, in a comprehensive opinion. See Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871. (As a matter of interest it may be noted that the Circuit Court of Appeals held that the entire Haskell Patent, including the portions in Floyd, Knott and Letcher Counties, had been forfeited in the Pike County action.)

The factors which resulted in Taylor being held to be barred by laches fom moving for a sale in the Pike County case are set forth in Taylor v. Commonwealth, Ky., 246 S.W.2d 981. We consider all of those factors to be present in the instant case, with the exception of actual knowledge by Taylor of the forfeiture judgment in Floyd County, for a substantial period of time before he moved for a sale. Taylor asserted, in the hearing on his motion, that he had not acquired knowledge of the Floyd County judgment until a few months before he moved for sale.

Ordinarily, actual knowledge on the part of the complainant, of the alleged invasion of his rights of which he complains, is necessary in order to charge him with laches. However, knowledge may in some circumstances be imputed to him by reason of opportunity to acquire knowledge, or where it appears that he could have informed himself of the facts by the exercise of reasonable diligence, or where the circumstances were such as to put a man of ordinary prudence on inquiry. 19 Am. Jur., Equity, sec. 505, pp. 350, 351. See also, Hite's Heirs v. Hite's Ex'rs, 40 Ky. 177; Kirby v. Jacobs, 52 Ky. 435.

When it is considered that Taylor was put on notice in the Pike County action that the Commonwealth was endeavoring to forfeit claims under the Haskell Patent, and that the Commonwealth was endeavoring, through the forfeiture statute, to wipe out the old Virginia patents; that an action had been brought in the Federal District Court and appealed to the Circuit Court of Appeals, necessarily with some degree of notoriety, in which claims were asserted to the entire Haskell Patent; that the judgment in the Floyd County action was of record constituting a simple source of knowledge; and that, as far as this record shows, Taylor for a period of 50 years, and his predecessors in title for a period of 100 years, had taken no affirmative steps of any kind to assert ownership of the lands covered by the Haskell Patent, we think it was encumbent upon Taylor, in making his motion in the instant action, to aver something more than a mere lack of actual knowledge of the Floyd County Judgment. We think the circumstances were such as to require him to show that he could not have acquired knowledge by ordinary diligence or reasonable inquiry. Comparison may be made with the rule governing the granting of a new trial on the ground of newly discovered evidence, which requires the movant to show not only that he was

not aware of the evidence, but that reasonable diligence would not have disclosed it.

It is our opinion that the lower court properly overruled the Taylor motion on the ground of laches.

The judgment is affirmed.